(33 App. Div. 158.)

### In re VAN BEUREN et al.

(Supreme Court, Appellate Division, First Department. August 10, 1898.)

ACTION ON JUDGMENT FOR MONEY.

    A judgment directing the payment of a certain sum for the use and occupation of premises to a certain date, and decreeing that it sha l not bar a recovery thereafter in any other action for use and occupation for any subsequent period, is not, as to the latter portion, within Code C*i*v. Proc. § 1913, requiring and authorizing leave of court to bring an action upon a judgment for a sum of money.

Appeal from special term, New York county.

In the matter of the petition of Elizabeth S. Van Beuren and others for leave to sue Frances W. Wetherspoon and others. From an order granting the petition, Wetherspoon and others appeal. Reversed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, McLAUGHLIN, and O'BRIEN, JJ.

Nelson S. Spencer, for appellants.
William Mitchell, for respondents.

· RUMSEY, J. It appears from the proposed complaint that the respondents, as plaintiffs, in January, 1896, began an action against the appellants to procure certain relief, arising out of a lease which the respondents' ancestor had made to the appellants and others. It was adjudged, among other things, as the result of that action, that the appellants should pay to the respondents, for the use and occupation of the premises in question, a certain sum, which was fixed as the value of that use and occupation to the 1st day of March, 1897, the date of the entry of the judgment. The judgment further provided that:

"And, the defendants objecting and insisting that the plaintiffs are not entitled to the value of the use and occupation of said premises since the date of the referee's report, it is hereby ordered, adjudged, and decreed that this judgment shall not bar or be a defense to a recovery hereafter by the plaintiffs, or those claiming under them, in any other action or proceeding which they may bring against the defendants, or any of them, for such use and occupation."

Pursuant to the judgment then entered, the plaintiffs had the right, upon payment of a certain sum of money, to take possession of the premises, and on the 8th of May, 1897, they took possession of those premises; and in the settlement of the amounts due, which was necessary to enable them to take such possession, the amount which had been fixed as the value of the use and occupation down to the 1st day of March, 1897, was paid and satisfied. But the plaintiffs claim, that the defendants, having occupied the premises from the 1st of March, 1897, to the 8th day of May, 1897, are still indebted to them for it; and they have made this motion for leave to bring an action upon the judgment fixing the amount for the use and occupation to the 1st of March, 1897; claiming that, pursuant to that judgment, they are entitled to recover the value of the use and occupation at the same rate from the 1st of March to the 8th day of May,—the time when the possession of the premises was finally delivered to them. The appellants, on the contrary, insist that, whatever may be the effect of the judgment, as fixing the rights of the parties to the use and occupation of the premises, and its value, it is not a judgment upon which an action can be brought, and for that reason no leave to sue should have been granted. The Code provides that an action upon a judgment for a sum of money, rendered in a court of record in this state, cannot be maintained, between the original parties to the judgment, unless the court in which the action is brought has previously made an order granting leave to bring it. Code Civ. Proc. § 1913. This is the only provision requiring leave to sue to be given before the bringing of an action upon a judgment, and it is the only authority giving to the court the power to grant such leave. In terms, it applies only to a judgment for a sum of money. That has been construed to mean, not only a final judgment, within the technical sense of that term, but one which has been duly docketed, and upon which an execution can be issued. Insurance Co. v. Tomlinson, 3 Hun, 630. The judgment must be one which requires the payment

of a sum of money, so that the amount to be paid, and the circumstances under which it should be paid, are fixed by the judgment, and can be ascertained by a resort to it.   Catlin v. Doughty, 12 How. Prac. 457.   This judgment is clearly not within that provision of the Code.   It is not a judgment for a sum of money at all.   Whatever may be its force and effect as an adjudication upon the rights of the parties, from which it may be inferred that the appellants are bound to pay for the use and occupation of the premises, it contains in itself no direction requiring such payment, nor does it fix any sum which is to be paid.   If it did do so, it would be a judgment for a sum of money; and in that case an execution might be issued upon it, and no action need be brought.   The very fact that it is necessary to bring an action, not only to establish the right, but to fix the amount, shows that the judgment is not one within the provisions of section 1913 of the Code.

The order must be therefore reversed, with $10 costs and disbursements, and the motion denied, with $10 costs.   All concur.