(46 Misc. Rep. 151.)

### FENLON v. PAILLARD.

(Supreme Court, Special Term, New York County.　January, 1905.)

1. SPECIAL PROCEEDINGS—FINAL ORDER.

Under Code Civ. Proc. § 3343, subd. 20, § 1301, a special proceeding terminates not in a judgment, but in a final order.

2. SAME—RIGHT OF ACTION.

Code Civ. Proc. § 1913, declaring the conditions on which an action may be brought on a domestic judgment, does not affect the right of a party to sue on a final order in a special proceeding establishing of record the fact of an indebtedness.

3. SAME—ASSIGNMENT OF ORDER.

In an order for substitution of attorneys it was provided for reference to take proof as to the amounts of the former attorney's lien, and on the referee's report an order directed payment to the former attorney of a certain sum. *Held*, that an action to recover the same was maintainable by his assignee against either applicant for the substitution.

Action by John T. Fenlon against Ernst Paillard.　Demurrer to complaint overruled.

A. S. Norton, for plaintiff.

Clarence De W. Rogers, for defendant.

BISCHOFF, J.　Proceedings instituted by Ernst Paillard and George Varrelman for the substitution of certain attorneys in the place of Augustus C. Fransioli, their attorney in actions brought by them, resulted in an order of substitution, with a direction that Fransioli turn over the papers, and appointing a referee to take proof and report upon the amount of his lien as attorney.　Upon the coming in of the report an order was made whereby the applicants "George Varrelman and Ernst Paillard, and each of them," were directed to pay to Fransioli a certain sum, for the recovery of which, less certain admitted payments, this action is brought by Fransioli's assignee against Paillard alone.

It is urged by the demurrant that the complaint is insufficient in that the litigation concerning the questions arising upon the application for substitution was a special proceeding, in which proceeding the successful party may still obtain "judgment," and that an action upon the order (conceived by the demurrant to be an order for judgment) may not be maintained.　The premises of the argument are founded in some misconception of the procedure in this jurisdiction.　A special proceeding terminates not in a judgment, but in a final order (Code Civ. Proc. § 3343, subd. 20, § 1301), every characteristic of which mandate is present in the order upon which the plaintiff sues.　The special proceeding, which this was (Matter of Barkley, 42 App. Div. 611, 59 N. Y. Supp. 742), termi-

nated in the order (Myer v. Abbett, 20 App. Div. 390, 46 N. Y. Supp. 822), and no formal judgment could be entered as the result of the determination expressed by that order (Id.), whether or not the order might be docketed as a judgment under rule 27 of the general rules of practice. Matter of Lexington Ave., 30 App. Div. 609, 52 N. Y. Supp. 342.

If it be suggested that the complaint is insufficient because founded upon a final order, not upon a judgment for a sum of money, within the meaning of section 1913 of the Code of Civil Procedure, the answer is that this provision of the statute declares the conditions under which an action upon a judgment rendered by a court of record of this state may be maintained, and so far imposes a restriction upon the common-law right to sue upon a judgment obtained within the jurisdiction at any time, and at once. 2 Black, Judg. § 958. Nothing in section 1913 suggests that the party who sues upon a final determination of record must find his right within the terms of the statute, for it is restrictive merely, and, unless restricted, the common-law right of action necessarily exists. Apart from any statute on the subject, I have no doubt that this plaintiff may sue upon a final order in a special proceeding, establishing of record the fact of an indebtedness. Such an order has every attribute of finality in the determination of a judicial inquiry which is possessed by a surrogate's decree, and the principal which upholds the maintenance of an action upon the latter (Dubois v. Dubois, 6 Cow. 494) is equally applicable to the former; yet neither is a "judgment" in ordinary acceptance nor according to the definition of Code, § 3343, subd. 20. The cases of Hanover Fire Ins. Co. v. Tomlinson, 3 Hun, 630, and Matter of Van Beuren, 33 App. Div. 158, 53 N. Y. Supp. 349, do not hold that the right to sue upon a final determination of record must be found in section 1913 of the Code. The court in those cases considered merely the question whether the judgment sought to be made the basis of an action was or was not final, and withheld leave to sue because the element of finality was lacking. The situation presented by this complaint and demurrer was not considered, nor was the statute given any construction which affects that situation. It may be noted, in passing, that section 1913 does not apply to an action by an assignee of the judgment (McGrath v. Maxwell, 17 App. Div. 246, 45 N. Y. Supp. 587); hence no discussion as to how far the restrictions of that section should be deemed applicable to an action upon a final order (if treated as a "judgment") is necessary.

There is no force in the contention that the assignment to the plaintiff of the claim in controversy did not transfer the right of action upon the final order. From the allegations of the complaint it appears that the assignment was made during the pendency of the proceedings, and the final order, then in contemplation, was covered by the transfer of the cause of action. 2 Black, Judg. § 943. The terms of the final order obviously declare the several obligations of the parties, and the action may certainly proceed without the joinder of Varrelman.

Certain other points argued affect only matters which, being involved in the determination of the special proceeding, were necessarily covered by the final order, and do not relate to any essential allegation of a complaint in an action such as this. I conclude that the demurrer should be overruled, with costs, with leave to defendant to plead over upon payment of costs within 20 days.

Demurrer overruled, with costs, with leave to defendant to plead over upon payment of costs within 20 days.