LEWIS H. WARREN, Respondent, *v.* FRED J. GARLIPP, Appellant.

Fourth Department, May 19, 1926.

Judgments — action to recover costs and disbursements in final order in habeas corpus proceeding entered May 23, 1912 — order was never docketed as judgment — limitation of actions — final order not decree and does not become judgment until docketed — Code of Civil Procedure § 376 (now Civ. Prac. Act, § 44), construed — twenty-year Statute of Limitations is not applicable.

In an action to recover money allowed as costs and disbursements in a final order in a habeas corpus proceeding, which order was entered May 23, 1912, the twenty-year Statute of Limitations does not apply, for a final order is not, under section 376 of the Code of Civil Procedure (now Civil Practice Act, § 44), a decree nor does it become a judgment until docketed.

---

* See 38 U. S. Stat. at Large, 1196, 1197, chap. 176.— [REP.
† See 39 U. S. Stat. at Large, 441, 442, chap. 301.— [REP.
‡ See 41 U. S. Stat. at Large, 494, §§ 436, 437, 438.— [REP.

APPEAL by the defendant, Fred J. Garlipp, from an order of the Supreme Court, made at the Wyoming Special Term and entered in the office of the clerk of the county of Wyoming on the 28th day of December, 1925, granting the plaintiff's motion made under rule 113 of the Rules of Civil Practice for summary judgment, and also from a judgment entered in said clerk's office on the same day, pursuant to said order.

*Daetsch, Paul & Lesswing* [*Wortley B. Paul* of counsel], for the appellant.

*Kenneth B. Keating,* for the respondent.

PER CURIAM. The action is to recover a sum of money allowed as costs and disbursements in a final order made in a habeas corpus proceeding under section 70 of the Domestic Relations Law * and entered May 23, 1912, in the Erie county clerk's office. The order was never docketed as a judgment. The answer sets up the ten-year Statute of Limitations as a defense. Upon plaintiff's motion for summary judgment, the answer was stricken out and judgment directed for plaintiff. The court at Special Term held in substance that the final order in question was either a judgment or a decree for a sum of money or directing the payment of a sum of money as those terms are used in section 44 of the Civil Practice Act, formerly section 376 of the Code of Civil Procedure; and hence that the twenty-year limitation applied. (126 Misc. 103.) We think the judgment and order must be reversed.

1. Clearly it was not a judgment as that word was then defined in the Code of Civil Procedure. (Code Civ. Proc. §§ 1200, 1236, 1997, 3333, 3334, 3343, subd. 20; now Civ. Prac. Act, §§ 472, 1268, 4, 5, 7, subd. 8; General Construction Law, §§ 11-a, 46-a, as added by Laws of 1920, chap. 917; Rules Civ. Prac. rule 201.)

2. Nor was it a decree. The only judicial determination by the courts of this State to which that term then applied was the determination in a Surrogate's Court. (Code Civ. Proc. [Laws of 1880, chap. 178], §§ 2550, 2556; revised by Code Civ. Proc. § 2548, as amd. by Laws of 1914, chap. 443; now Surr. Ct. Act, § 78.)

The phrase " judgment or decree " in connection with the twenty-year Statute of Limitations antedates the Constitution of 1846 and the original Code of Procedure. (See R. S. pt. 3, chap. 4, tit. 2 [2 R. S. 301], § 47; Code Proc. §§ 66, 67, 69, 70.) The word " decree " referred then to determinations in the Court of Chancery in New York and in the equity courts of the other States and of the United States. With the merger of law and equity under the Constitution of 1846 and the adoption of the Code of Procedure in this State, its

---

* Since amd. by Laws of 1923, chap. 235.— [REP.

technical applicability ceased as to our own courts, except only in the Surrogate's Court, though by common usage in the profession judgments in actions of an equitable nature are frequently referred to as " decrees."

We think we must adhere to the strict statutory definitions. A final order in a special proceeding in the Supreme Court directing the payment of a sum of money is not a decree and it does not become a judgment until docketed, as the words " judgment " and " decree " were used in section 376 of the Code of Civil Procedure and are now used in section 44 of the Civil Practice Act.

The judgment and order should be reversed on the law, with costs to appellant, the answer reinstated and the motion denied.

Present — HUBBS, P. J., CLARK, SEARS, CROUCH and TAYLOR, JJ. All concur.

Judgment and order reversed on the law with costs, answer reinstated and motion denied.