## In the Matter of the Estate of GENEVIEVE JAHREN, Deceased.

Surrogate's Court, New York County, July 14, 1934.

*James S. Kleinman*, for the public administrator, as administrator.

*Edward F. Keenan*, for the National Surety Corporation.

*Carter, Ledyard & Milburn*, for Harry B. Hollins, Jr., executor, etc., of Henry B. Livingston, deceased.

*Arthur A. Fishzohn*, for William T. Mulcahy, as substituted committee of Antone Jahren, incompetent.

*Marcel Levy*, in person, claimant.

DELEHANTY, S.  On this contested accounting there arise two questions of priority among claimants.

Deceased in her lifetime was appointed committee of the property of an incompetent.  She filed as committee a bond for $2,000. She was removed as committee and on her accounting as such an order was entered by the Supreme Court on November 5, 1931, directing her removal and surcharging her with the sum of $4,876.27. She did not pay this surcharge.  The surety company on her bond paid the face amount of its liability, $2,000.  There now remains unpaid the principal balance of $2,876.27, together with accrued interest.

Deceased died leaving a small estate, which is being administered by the public administrator. The surety company proved its claim. In the course of the accounting proceeding the substituted committee filed a claim for the balance unpaid under the order of surcharge made by the Supreme Court. No proceeding was taken to reduce to judgment the liability of deceased under the order of surcharge. In the lifetime of deceased another claimant against her estate procured a judgment to be entered at a date later than the date of the order of surcharge. The questions now presented are two. Is the judgment creditor referred to preferred over both the surety company and the substituted committee? Is the substituted committee entitled to be paid with interest the balance remaining unpaid of the surcharge, before the surety company is entitled to participate in the estate?

On the first question there seems to be no doubt. The judgment creditor, of course, has a preferred status under section 212 of the Surrogate's Court Act. Unless the order of surcharge is itself a judgment or decree, the liability thereunder is a deferred claim in so far as the judgment creditor is concerned. Such order of surcharge is neither a judgment nor decree. (*Matter of City of New York* [*Court House*], 216 N. Y. 489, 492; *Fenlon* v. *Paillard*, 46 Misc. 151; *Warren* v. *Garlipp*, 217 App. Div. 55.) Accordingly, the judgment creditor must first be paid in full.

As between the substituted committee of the incompetent and the surety company, the priority is equally clear. The surety company was a surety for hire. It undertook the risk of guaranteeing the due performance by the original committee of that committee's fiduciary duty. The order surcharging that committee has not yet been satisfied. Until it has been satisfied, the surety has no status to demand payment out of the assets of deceased. (*Hanlon* v. *Union Bank of Medina*, 247 N. Y. 389.) It follows that to the extent necessary to pay in full the remaining unpaid balance, with interest, of the surcharge the substituted committee has priority.

Submit decree settling the account accordingly.