## In the Matter of the Estate of NICK JIAVARAS, Deceased.

Surrogate's Court, New York County, November 7, 1935.

*Israel F. Vogel* and *John D. Stephanidis*, for the petitioners.

*M. Emanuel Balt*, for the administrator, respondent.

*Thomas E. White*, for the Fidelity and Deposit Company of Maryland.

DELEHANTY, S. On this application to punish an accounting fiduciary for contempt because of his failure to pay over to the parties in interest the moneys due them, objection is made that the court is without power to punish an estate representative for contempt on an application made by a surety who under its bond has paid the whole or part of the amount directed by the decree.

The objection is untenable. In support of it the defaulting fiduciary cites *Matter of Springer* (238 App. Div. 305; appeal dismissed, 262 N. Y. 678). It should be noted that in the cited case the appeal to the Court of Appeals was dismissed solely because the

order from which the appeal was taken was not appealable as of right to the Court of Appeals. The latter court made no determination on the merits. The case was decided by a sharply divided Appellate Division. In the majority opinion there are some statements which support the argument of respondent here that a title obtained by an assignment gives to the assignee no right to proceed by contempt and limits the assignee to the ordinary processes for the enforcement of a money judgment.

The case now presented is distinguishable from the cited case. In the pending application the petition is made by the surety who undertook in behalf of this fiduciary to perform his obligations when the fiduciary defaulted. On accepted principles of law the surety became subrogated to all the rights which inured to the persons whose claims against the fiduciary were discharged by the surety's payments. Among the rights thus acquired is the right to pursue the fiduciary through a contempt proceeding. That right vested in the surety by operation of law and not by reason of any voluntary assignment such as was involved in *Matter of Springer (supra)*. A fiduciary who procures a surety to guarantee performance by him of his duties must be held to stipulate that the surety may pay on failure of the fiduciary to make payment as directed and that the surety will thereupon have the right to collect in a contempt proceeding. The fact that this surety took assignments from the beneficiaries at the time of its payment to them does not alter the fact that irrespective the assignments it would have succeeded to their rights.

In so far as a surety's rights are concerned the question has been determined. In *Townsend* v. *Whitney* (75 N. Y. 425) the precise question was passed on and the surety's rights to enforce the decree by a commitment for contempt was upheld. That case was cited with approval in *People ex rel. McCullough* v. *Sheriff of Kings County* (254 N. Y. 527). In this last cited case the Special Term of the Supreme Court dismissed a writ of habeas corpus obtained by a guardian and remanded him to the custody of the sheriff on a commitment of the surrogate of Kings county made on application of the surety which had paid the amounts directed in an accounting decree to be paid by the guardian. The Appellate Division reversed the order of the Special Term and directed the discharge of the relator. The Court of Appeals reversed the Appellate Division and reinstated the order of the Special Term on the authority of *Townsend* v. *Whitney (supra)*. Thereby it became the settled law of this State that the surety for a defaulting fiduciary, after making payment of the amount directed by appropriate decree to be paid by the fiduciary, may obtain redress through contempt proceedings.

Accordingly the objection that this petitioner may not obtain the relief sought is overruled.

The decision of the court on the accounting proceeding catalogs the acts of malfeasance of this fiduciary and notes the manner in which he sought to appropriate to himself an estate to which he was a stranger in law. He is entitled to no consideration at the hands of the court. Despite the fact that his surety has been compelled to pay the full amount of its bond there still remains unpaid a balance due to the beneficiaries of the estate. This is because the fiduciary in pursuance of his criminal plan failed to disclose the full value of the assets of the estate and failed to give adequate bond to cover their value. In these circumstances, and because the surety must wait full payment to the beneficiaries, any sums hereafter paid by the fiduciary must be applied first to the satisfaction of the balance due to the beneficiaries of the estate (*Matter of Jahren*, 157 Misc. 435), and the remainder only will be payable to the surety in reimbursement for its expenditures.

The amount still due to the beneficiaries of the estate is said to be approximately $650. The gross amount due and unpaid by this fiduciary is $3,850. The beneficiaries have received $3,200 directly from the surety. The fiduciary must pay forthwith the balance due to those whom he has defrauded; and beginning January 1, 1936, must pay at least the sum of $100 each month on account of the remainder of his obligation under the decree on accounting.

Submit, on notice, warrant of commitment and order granting this motion and adjudging respondent to be in contempt. Respondent may purge himself of the contempt by making the payments herein fixed. Proceed accordingly.