George Timer, J.
This is a motion by the Sheriff of the City of New York to fix poundage and direct payment thereof. After a judgment against the defendants, plaintiff filed an execution with the Sheriff against two stock certificates issued to the defendants which were in the possession of a firm of attorneys. A notice of levy was served on said firm. It was admitted that they were holding the certificates but they asserted a retaining lien. By agreement with the Sheriff, they promised to produce the certificates at the sale with the understanding that their lien would be protected. Prior to the sale, third-party claims were made which were referred to an Official Referee. Before the matter was heard, the Referee was notified that there had been a settlement between the parties. In opposition to this motion, plaintiff contends that the Sheriff is not entitled to poundage as he did not actually seize the certificates as required by section 174 of the Personal Property Law. A similar argument was made in the case of Hornblower & Weeks v. Sherwood (124 N. Y. S. 2d 322) which was rejected by the court. At page 327 the court stated: ‘ ‘ The levy * * * was not on the stock certificates, but on Sherwood’s equity in his account with the plaintiff. The plaintiff held the stock as security for Sherwood’s debt to it. As a pledgee, it had the right * * * to possession of the certificates and was not under compulsion to surrender them to the sheriff.” This case was subsequently affirmed by the Appellate Division of this Department (282 App. Div. 931) and by the Court of Appeals (307 N. Y. 204). The circumstances here parallel those in the cited case. The levy was on the equity of the defendant in the certificates, not on the certificates. The attorneys held them to secure the lien. They were under no compulsion to surrender the certificates to the Sheriff. Accordingly, the lien was good. In any event, the Sheriff had done all required of bim to levy on the execution, but was prevented from realizing on the execution by the settlement. Therefore he became entitled to poundage (Civ. Prac. Act, § 1558, subd. 21). Consequently, the motion is granted. The poundage is fixed in the amount requested by the Sheriff, which the plaintiff is required to pay.