OPINION OF THE COURT
Edward S. Conway, J.
The original motion in the above-entitled proceeding was returnable at Special Term on December 7, 1978 and was referred to this court for a decision. This court’s original decision was rendered on January 31, 1979. It was appealed and reversed on the law and the facts and remitted to Special Term for further proceedings not inconsistent with the Appellate Division, Third Department, decision of December 27, 1979 (73 AD2d 779).
The attorneys for respondent Mason and appellant Belski have resubmitted this proceeding to this court for further *771 proceedings not inconsistent with the Appellate Division decision.
The Appellate Division noted that the decree of divorce was not made a part of the record on appeal. The divorce decree has now been submitted to this court by the appellant Belski.
The original motion by the respondent, Gertrude Mason, was for an order requiring a determination pursuant to CPLR 5225 (subd [b]]), 5227 and 5239. Respondent Mason recites that a judgment was obtained in her favor for $2,570 and was entered in the Albany County Clerk’s office against Joseph S. Belski, III, on August 26, 1977. A transcript of the judgment was filed in the office of the Schenectady County Clerk on September 21, 1978. Respondent Mason contends that the judgment takes precedence over a divorce decree entered May 13, 1977 in the Albany County Clerk’s office by Karen J. Belski against Joseph S. Belski, III, and remains an unsatisfied lien upon the real property owned by Karen J. Belski and Joseph S. Belski, III, and against the escrow account of $5,000 created from the proceeds of the sale of the said real property located at 4177 Western Avenue Turnpike, Guilderland, New York, now held by appellant-respondent Forrest Fordham, Sr., as escrowee of the said escrow fund. With this contention this court must agree (see Snow v Snow, 8 AD2d 516).
This court is of the opinion that Buffalo Sav. Bank v Hunt (64 Misc 643) is no longer the law of this State. The Appellate Division, Second Department, in Snow v Snow (supra, at p 519) stated: "There can no longer be any doubt that alimony awarded by a matrimonial decree does not, when it comes due, become a judgment debt which may be enforced by execution, and that it may not be so considered until the award has been reduced through further proceedings to final judgment.”
The divorce decree in this case makes no provision for a judgment for any sum on money but merely provides for future support payments to be made pursuant to a separation agreement which was incorporated into and made a part of the final judgment and decree of divorce with provision that it shall survive and not merge in the final judgment and decree of divorce. Therefore, this court is of the opinion that said decree does not take priority over subsequent money judgments.
Therefore, this court is of the further opinion that the judgments of all of the other appellant-respondents taken against Joseph S. Belski, III, take precedence over the decree *772 of divorce and must be paid and satisfied by said escrowee Forrest Fordham, Sr., in the order of their entry prior to any payment, if any, to the appellant-respondent Karen J. Belski from the said escrow account.