OPINION OF THE COURT
J. Raymond Amyot, J.
This is an action to foreclose a mortgage on real property owned by the defendant William J. Rhino, Sr. It is not contested that the mortgage is in default and the plaintiff now moves for summary judgment. Only the defendant Janice M. Rhino opposes the motion.
In 1974 William J. Rhino, Sr., and Janice M. Rhino entered into a separation agreement. Based on that agreement the husband sued for divorce in 1976 and the wife counterclaimed for arrears. On her motion in that action an order was made February 19, 1977 which, inter alia, awarded her $100 per week as temporary alimony and child support. That order was entered in the Clinton County Clerk’s office February 22,1977. On September 20, 1977 William J. Rhino, Sr., as the sole owner of the subject property, executed the mortgage now sued on and it was recorded in the office of the Clerk of Clinton County on September 21, 1977.
In opposing the motion for summary judgment Janice M. Rhino contends that the temporary support order, which was entered prior to the recording of the mortgage, constitutes a prior lien.
*640 The alimony and support order was no more than a direction for the payment of sums of money from time to. time in the future. It was not converted to a judgment under CPLR 2222 and even if it had been, there would have been no debt which could have been enforced by way of execution or otherwise unless an amount unpaid under the order had been reduced to judgment pursuant to section 244 of the Domestic Relations Law. (See St. Germain v St. Germain, 25 AD2d 568; Snow v Snow, 8 AD2d 516; Mason v Belski, 104 Misc 2d 770.) Even under that section judgment for the full unpaid amount is not automatic. The court may direct entry of judgment for the full amount of arrears “or for such part thereof as justice requires having a regard to the circumstances of the respective parties”. (Domestic Relations Law, former § 244.) Until the amount due under the temporary order has been reduced to judgment it is not final and conclusive.
The order relied upon here is not a money judgment as defined by CPLR 105 (subd [p]). It is not entitled to any priority under CPLR 5203 (subd [a]). (See Warren v Garlipp, 217 App Div 55; Matter of Jahren, 157 Misc 435.) No final money judgment in favor of Janice M. Rhino was docketed prior to the recording of plaintiff’s mortgage. In 1979, after her husband withdrew his reply to her counterclaim in the divorce action, a default judgment in the amount of $7,798.50 was docketed in her favor but that judgment was not for arrears due under the temporary order. It was for sums unpaid under the separation agreement. It gives rise to no lien superior to the lien of the plaintiff’s mortgage.
The plaintiff is entitled to summary judgment.