■ RIJEK REALTY, INC., Respondent, v. CLARENCE CRIST et al., as Assessors of the Town of Montgomery, Appellants.— In a special proceeding, pursuant to article 7 of the Real Property Tax Law, for the review of an assessment on petitioner's real property in the Town of Montgomery, the Town Assessors appeal from an order of the Supreme Court, Orange County, dated January 31, 1962, which denied their motion, made pursuant to rule 112 of the Rules of Civil Practice, for judgment on the pleadings dismissing the petition. Order reversed, with $10 costs and disbursements; motion granted; and petition dismissed. No question is raised by the parties as to the applicability of rule 112 of the Rules of Civil Practice to this statutory proceeding (cf. *Stevenson* v. *News Syndicate Co.,* 302 N. Y. 81, 87; see, also, *Matter of Siemer* v. *Village Bd., Orchard Park,* 286 App. Div. 135, 136). The petition prays, in substance, that the assessment should be reduced on the grounds of inequality and overvaluation. The admissions contained in petitioner's bill of particulars may be considered on this motion (*Stevenson* v. *News Syndicate Co.,* 302 N. Y. 81, 88, *supra; Richardson* v. *Gregory,* 219 App. Div. 211, 212, affd. 245 N. Y. 540; *Mack, Miller Candle*

*Co.* v. *Macmillan Co.*, 239 App. Div. 738, 739–740, affd. 266 N. Y. 489; *Cohen* v. *Erdle*, 282 App. Div. 569, 570; *Shapiro* v. *Town of Thompson*, 6 A D 2d 608, 611). Such admissions conclusively demonstrate that petitioner will be unable to establish either overvaluation or inequality (cf. *Matter of Wolfe* v. *Assessors of Town of Hanover*, 308 N. Y. 416). Since it appears that petitioner cannot succeed under the pleadings, the Town Assessors' motion should be granted (cf. *Richardson* v. *Gregory, supra*). Beldock, P. J., Brennan, Hill, Rabin and Hopkins, JJ., concur.