■ SUSAN ST. GERMAIN, Respondent, v. JULES B. ST. GERMAIN, Appellant.— In an action for separation, defendant appeals, as limited by his brief,

from so much of an order of the Supreme Court, Queens County, dated and entered December 17, 1965, as denied his motion: (a) for leave to renew his prior motion to vacate an ex parte judgment against him, entered March 10, 1965 and based upon his failure to make payments of certain counsel fees and printing expenses to plaintiff's attorney for successful appeal work, which payments were directed to be made by a prior order of the court made and entered on January 4, 1965; and (b) to vacate another prior order of the court adjudging defendant in contempt of court for nonpayment of alimony and other allowances of counsel fees awarded to plaintiff. Order modified to the extent of granting defendant's motion to vacate the ex parte judgment. As so modified, the order insofar as appealed from is affirmed, without costs. In our opinion, CPLR 2222 did not authorize plaintiff's attorney, ex parte, to enter judgment against defendant for arrears in payment of his obligation as fixed by a prior and outstanding order of the court. Section 244 of the Domestic Relations Law, like its predecessor section (Civ. Prac. Act, § 1171-b), must be deemed the exclusive remedy for the entry of such a judgment; and that section, like its predecessor, requires an application to the court for permission to enter judgment, which application the court in sound discretion may grant or deny in an adversary proceeding on appropriate notice (*Lewandoski* v. *Lewandoski*, 278 App. Div. 1004; *Kahn* v. *Sampson*, 23 A D 2d 539; *Fishbach* v. *Fishbach*, 4 Misc 2d 760; Carmody-Forkosch, New York Practice [8th ed.], § 565, p. 512). Insofar as the general language of CPLR 2222 may be read as authority for the docketing of an order as a judgment, we hold that such language is circumscribed by the particular provisions of section 244 of the Domestic Relations Law which require the sanction of the court for such relief in a matrimonial action. When a particular statute conflicts with a general one, the particular statute will be deemed an exception where it is incompatible with the provisions of the general statute (McKinney's Cons. Laws of N. Y., Book 1, Statutes, § 238). Accordingly, at bar, the general provisions of CPLR 2222 did not authorize an ex parte entry of judgment against the defaulting defendant husband, without leave of the court, granted on due notice, in pursuance of section 244 of the Domestic Relations Law (*Kahn* v. *Sampson, supra*; Boardman's New York Family Law, § 163, pp. 649–650). Ughetta, Acting P. J., Christ, Hill, Rabin and Benjamin, JJ., concur.