■ SALLY B. GIBB, Respondent, v FRANK C. GIBB, Appellant. Appeal from an order of the Supreme Court at Special Term, entered November 18, 1974 in Tompkins County, which granted plaintiff's motion for a judgment for unpaid alimony, and from the judgment entered thereon. The parties, formerly married, entered into a separation agreement in 1964, and were subsequently divorced, the separation agreement having been incorporated in the divorce decree. Pursuant to the terms of said agreement, insofar as is relevant to the present case, defendant undertook to pay to plaintiff for her support and maintenance the sum of $300 per month. In 1974, plaintiff brought on this proceeding by order to show cause seeking judgment for arrears pursuant to section 244 of the Domestic Relations Law. That section provides in pertinent. part, "Where the husband in an action for divorce

\* \* \* makes default in paying any sum of money as required by the judgment or order directing the payment thereof, the court in its discretion may make an order directing the entry of judgment for the amount of such arrears, or for such part thereof as justice requires". Plaintiff sought arrears covering the 10-year period, and by the order and judgment herein appealed from was granted recovery of arrears for the six-year period prior to the commencement of the proceeding. Defendant contends that he was denied due process of law in that no hearing was held prior to entry of the order and judgment. This contention must be rejected. Upon review of the pleadings and affidavits, we are of the view that defendant has failed to show any basis to support his conclusory allegation that the separation agreement was unconscionable or the result of fraud, and that such other facts as are asserted by appellant would not, if true, constitute a defense. In granting judgment to plaintiff for the period of time for which an action would have been permissible under the Statute of Limitations, Special Term did not abuse its discretion. Order and judgment affirmed, without costs. Herlihy, P. J., Greenblott, Sweeney, Larkin and Reynolds, JJ., concur.