■ DOROTHY MARRA, Respondent, v PHILIP J. MARRA, Appellant.—Appeal from a judgment of the Supreme Court at Special Term, entered January 2, 1979 in Schenectady County, which granted plaintiff's motion for unpaid support from June, 1970. Plaintiff commenced this proceeding by order to show cause, dated May 16, 1978, to hold defendant in contempt of court, and for a money judgment pursuant to section 244 of the Domestic Relations Law for unpaid child support accrued under a decree of divorce granted on June 22, 1970. The contempt proceeding was abandoned and only the unpaid child support proceeding was pursued. Under the divorce decree, plaintiff was entitled to the sum of $150 weekly for alimony and $50 weekly for the support of their daughter Jennifer. Plaintiff's moving affidavit stated that defendant was in default in the support for Jennifer in the amount of $20,500 from June 24, 1970 through May 12, 1978, and that defendant has deliberately neglected and refused to comply with the decree of divorce. Defendant's answering affidavit stated that he is not in arrears with respect to any payment due for the child support, that he has complied

with all of the provisions of the decree, and that upon a hearing he can produce documentary evidence which would indicate that there is no sum due and owing for child support. Special Term adjourned the proceedings a number of times to allow the production of documentary evidence. The only documents produced by defendant consisted of the income tax returns of plaintiff for the years 1970-1977, which plaintiff provided pursuant to a subpoena, and canceled checks payable to plaintiff. The income tax returns indicated that plaintiff was not reporting the full amount of the payments made by defendant as alimony for tax purposes. The canceled checks indicated that at no time did defendant pay more than $150 per week and that in many weeks the payments were less than $150. Special Term permitted an additional delay upon the understanding that if documentary evidence could be produced which was sufficient to create an issue of fact, the court would conduct a hearing on the issues. On December 19, 1978, no additional evidence having been provided to the court, judgment was awarded to plaintiff for unpaid child support at the rate of $50 per week from June 24, 1970 to the date of the decision. On January 2, 1979, judgment was entered in the amount of $22,100. Defendant contends that the evidence submitted to the court was such as to raise a genuine issue of fact which required a hearing, and that the evidence submitted was insufficient to support the judgment. CPLR 2218, relied upon by defendant, provides that "The court may order that an issue of fact raised on a motion shall be separately tried by the court or a referee." The court, however, determined that there was no genuine issue of fact raised by the evidence submitted by defendant. The manner in which plaintiff apportioned the payments made upon her income tax returns is not sufficient in and of itself to establish a genuine issue of fact. Defendant failed to produce his income tax returns for the same years indicating how he apportioned the payments for tax purposes. Special Term, therefore, did not abuse its discretion in failing to order a hearing. There was also sufficient evidence before the court to support the judgment. The canceled checks clearly indicated that defendant never paid more than $150 per week as required by the decree for alimony alone. Defendant's contention that plaintiff had agreed to accept a lesser amount of alimony than provided by the divorce decree is not supported by the record. The judgment appealed from should, therefore, be affirmed. Judgment affirmed, with costs. Mahoney, P. J., Sweeney, Kane, Staley, Jr., and Herlihy, JJ., concur.