**Shirley Runkle Blaha McGOVERN, Plaintiff,**

v.

**Larry O. BLAHA, Defendant.**

**CIV–79–581.**

United States District Court, W. D. New York.

Sept. 26, 1980.

Leslie N. Reizes, Friedlander, Friedlander & Reizes, Waverly, N. Y., for plaintiff.

Lennon E. Bowen, III, Huebsch, Bowen & Croak, Eustis, Fla., for defendant.

## MEMORANDUM AND ORDER

ELFVIN, District Judge.

This is an action for monies allegedly due plaintiff under a decree of the Hon. Daniel J. Donahoe, New York State Family Court for the County of Chemung, entered December 16, 1970 and awarding plaintiff child support payments to be paid by defendant. Plaintiff asserts herein that she has never been paid under the decree and sues for sums due through April 27, 1979.

Now before me in this action are defendant's motion to dismiss this suit for lack of the requisite amount in controversy, improper venue, and *forum non conveniens*, and plaintiff's motion for summary judgment. Defendant's motions must be denied; however, this suit must nevertheless be dismissed for lack of subject matter jurisdiction.

Defendant's motions herein need not be discussed at length. Plaintiff claims that an amount well in excess of $10,000 is due and owing her; this is sufficient to meet the threshold requirements of 28 U.S.C. § 1332. Venue is proper under 28 U.S.C. § 1391, this being an action brought in this court solely on account of diversity of citizenship and this being the judicial district wherein plaintiff resides. Finally, in a motion to dismiss or transfer on account of the convenience of the parties and witnesses, plaintiff's choice of forum is not lightly to be disregarded and defendant has failed to persuade me that he would incur any greater hardship and expense in defending this suit here than plaintiff would incur in a prosecution of this suit in the Middle District of Florida, defendant's preferred location. Defendant's motions are hereby ORDERED denied.

It nonetheless appears that a federal district court is without subject matter jurisdiction over this suit. Plaintiff herein seeks not to collect a sum certain already adjudged to be due her; rather, she seeks first to determine and only then to collect monies ordered under Judge Donahoe's decree. Under New York's Domestic Relations Law ("the D.R.L."), §§ 240 and 244, awards of child support such as that entered by Judge Donahoe always remain subject to correction and the amounts due under a prior decree may be reduced or eliminated in any suit to collect the arrearages. Accordingly, Judge Donahoe's order is not a final judgment automatically entitled to enforcement by a suit in this court. In order to render a final judgment I would have to determine factual issues concerning the arrearages by procedures set forth in the D.R.L. This in and of itself requires denial of plaintiff's motion for summary judgment. Of greater importance, this court has, under long–established principles, no jurisdiction over divorces and other matrimonial cases. *See, e. g., Ohio ex rel. Popovici v. Agler*, 280 U.S. 379, 50 S.Ct. 154, 74 L.Ed. 489 (1930); 1 Moore's Federal Practice ¶ 0.71 [5] at fns. 34 & 35. Although I would normally have jurisdiction of an action simply to recover accrued payments under a judicial decree, I am jurisdictionally prohibited from entertaining the issues I would be required to consider under the D.R.L.s § 244. For these reasons and because plaintiff's motion for summary judgment searches the record herein, this case must be and hereby is ORDERED dismissed for lack of subject matter jurisdiction.