■ GEORGE G. MULLIGAN, Appellant, v LEONA A. MULLIGAN, Respondent.—Appeal from an order of the Supreme Court at Special Term, entered October 1, 1979 in Albany County, which granted defendant a money judgment in the sum of $2,665. The parties herein were married on September 17, 1972, and on February 14, 1978 plaintiff husband commenced an action against defendant wife wherein he sought a divorce on the ground of cruel and inhuman treatment. Following a trial of this action without a jury in October of 1978, the complaint was dismissed from the bench, and the ultimate judgment in the action was signed on January 5, 1979 and provided that plaintiff pay defendant the sum of $750 for her counsel fees. The very next month plaintiff instituted a second action for a divorce based upon the novel theory that defendant had abandoned him because of her inability to control one of her sons from a former marriage. This action was tried in June of 1979 before a jury which rendered a verdict in favor of defendant, and the resultant judgment dated July 2, 1979 awarded defendant attorney's fees, costs and disbursements totaling $1,915. Only one week later plaintiff commenced a third action against defendant, this one seeking a separation on the ground of abandonment. With these circumstances prevailing on September 5, 1979, defendant moved by order to show cause pursuant to section 244 of the Domestic Relations Law for a money judgment in the amount of $2,665, the total of the attorney's fees, costs and disbursements awarded to her in the two divorce actions. Special Term thereafter signed an order granting her motion, and plaintiff now appeals. We hold that the order of Special Term should be sustained. As previously noted, plaintiff commenced two divorce actions against defendant in quick succession, each of which ended with defendant prevailing, and within a matter of days after the signing of the judgment in the second action, plaintiff brought a third action against defendant,

this time for a separation. Moreover, as conceded in plaintiff's brief, Special Term was "expressly advised" of the state of plaintiff's health and finances. Under these undisputed circumstances and particularly since plaintiff demonstrably continues to have the financial resources to instigate legal actions against defendant, Special Term could properly conclude that a formal evidentiary hearing on defendant's present motion was unnecessary (cf. *Gibb v Gibb*, 49 AD2d 786, app dsmd 38 NY2d 826), and it cannot be said that the court abused its discretion under section 244 of the Domestic Relations Law by awarding defendant a money judgment for her counsel fees, costs and disbursements in the two actions for divorce (cf. *Stern v Stern*, 67 AD2d 253; see, also, *Goldsmith v Goldsmith*, 56 AD2d 834). Order affirmed, with costs. Kane, J. P., Main, Casey and Herlihy, JJ., concur.

Mikoll, J., dissents and votes to reverse in the following memorandum. Mikoll, J. (dissenting). I respectfully dissent. Section 244 of the Domestic Relations Law was designed to eliminate the burden of plenary or protracted litigation in divorce, separation or annulment proceedings where no material issues of fact are raised in the affidavits in support of and opposed to the motion. The plaintiff husband, in the instant proceeding, has presented facts which sufficiently raise the issue of his ability to pay the sum ordered because of a dramatic drop in his income and because of a serious impairment to his health. Under such circumstances, a plenary hearing is indicated *(Pecukonis v Pecukonis,* 49 AD2d 985).