■ In the Matter of GERTRUDE MASON, Respondent, v KAREN J. BELSKI, Appellant, et al., Respondents. — Appeal from an order of the Supreme Court at Special Term (Conway, J.), entered July 17, 1980 in Albany County, which declared a judgment secured by petitioner and other judgment debtors a valid lien against the escrow account resulting from the sale of property owned by Karen and Joseph Belski. At issue in the instant proceeding is whether a divorce decree remains an unsatisfied lien against the real property owned by a divorced husband and wife and against the escrow account created by the proceeds of the sale of the real property. The petitioner herein seeks a determination of the priority of a judgment secured by her against the respondent husband, Joseph Belski, and filed in the county clerk's office subsequent to the divorce decree. The divorce decree in question orders payment of alimony and child support to respondent Karen Belski in a weekly given amount in accord with a separation decree which was incorporated into and made a part of the decree but not merged therein. The arrearages owed by the delinquent husband were not reduced to a judgment by Karen Belski. Special Term held that petitioner's judgment and that of other creditors took precedence over the divorce decree and were to be paid out of the escrow account. We concur with this finding. Alimony and support awarded under a matrimonial decree do not become a judgment debt enforceable by execution until the award is first reduced to a judgment (see Domestic Relations Law, § 244; *Snow v Snow,* 8 AD2d 516). The amount owed Karen Belski did not, therefore, become a lien on the escrow account. Order affirmed, without costs. Mahoney, P.J., Main, Mikoll, Yesawich, Jr., and Herlihy, JJ., concur. [104 Misc 2d 770.]