■ Harry Seraita, Appellant, v Jill G. Seraita, Respondent. — Order of the Supreme Court, New York County (Ascione, J.), entered October 19, 1982, which, *inter alia,* granted defendant leave to enter a money judgment for support arrears in the sum of $12,628 plus interest and granted her a payroll deduction order of $100 per week towards current maintenance, and the order of the Supreme Court, New York County (Ascione, J.), also entered on October 19, 1982, which, *inter alia,* granted defendant's motion to restrain plaintiff from withdrawing, transferring or removing funds now on deposit at the Marine Midland Bank, are both affirmed, without costs. The dissent of Justice Presiding Kupferman fairly states most of the salient background facts. However, it must be emphasized that when Justice Stecher granted the maintenance payments to defendant wife, which the dissent labels an "abuse of discretion", plaintiff husband had assets of $39,000 to defendant's $2,500, and he acknowledged he was renting a car for $325 a month. In addition, the defendant alleged that plaintiff's mistreatment compelled her to obtain psychiatric care. Section 244 of the Domestic Relations Law provides that where a spouse defaults in paying a sum required by an order, "the court *shall* make an order directing the entry of judgment for the amount of such arrears * * * unless the defaulting party shows good cause for failure to make application for relief from the judgment or order directing such payment *prior* to the accrual of such arrears" (emphasis added). Section 49-b (subd 1, par [a]) of the Personal Property Law provides in pertinent part: "Proof that the respondent is three payments delinquent [in support payments] establishes a prima facie case against the respondent, which can be overcome only by proof of respondent's inability to make the payments. Unless such presumption is overcome, the court shall order * * * [the wage deduction]". Although plaintiff timely served a notice of appeal from the March 15, 1982 award of temporary maintenance, more than nine months have since elapsed and plaintiff has

neglected to perfect said appeal. Plaintiff did not make any application for relief from the *pendente lite* order directing him to pay maintenance prior to the accrual of the arrears, except by motion for reargument (which Justice Stecher granted and in an order dated June 17, 1982 adhered to his original decision). For the first time, and in response to defendant's enforcement motions, plaintiff by cross motion requested an order deleting any retroactive support payments and a hearing on his alleged financial inability. We reiterate that plaintiff has not perfected any appeal from the order of Justice Stecher granting temporary maintenance. In addition plaintiff, instead of complying with the prior orders of the court, has not paid anything to defendant. In the only orders appealed from herein, plaintiff, other than showing he is now earning a net salary of $338 per week as opposed to $125 per week in unemployment benefits when the *pendente lite* order was granted and that he now has $38,000 in assets, did not allege or demonstrate a substantial change of circumstances as would warrant downward modification, nor did he allege or set forth a substantial issue of material fact which would require a hearing. Special Term correctly denied plaintiff's cross motion for a trial preference herein as premature, since the discovery process had not been concluded at the time of the application. The court, in both its memorandum decision and its order granting defendant leave to enter a money judgment, directed both parties to proceed "expeditiously" with discovery. We note that the proper remedy of a party who thinks temporary support payments are excessive or insufficient is to press for an early trial. Finally, Special Term did not abuse its discretion in restraining plaintiff's bank accounts. Defendant's motion regarding the Marine Midland bank account was based upon specific allegations that plaintiff was seeking to close such accounts in order to hide funds which might be subject to enforcement to collect any money judgment for arrears. Plaintiff in the only opposition submitted, an affidavit of his attorney, did not deny defendant's allegations. Concur — Sandler, Ross and Asch, JJ. Kupferman, J. P., and Carro, J., dissent in separate memoranda as follows:

Kupferman, J. P. (dissenting). The parties were married on March 23, 1980 and separated October 5, 1981, 18 months later, when the plaintiff husband left the marital apartment, which was the defendant wife's apartment prior to the marriage. The plaintiff was 34 years of age, and the defendant was 30 years of age at the time of the action. When the plaintiff left, he paid the rent for the month of October, 1981 of $619, the medical insurance coverage for the wife until January, 1982, and her religious affiliation membership through September, 1982. When the parties were married, the wife gave up her employment. She has a college degree in education and marketing, but she has not since sought employment. The wife applied for *pendente lite* support, and by order March 9, 1982, the court inexplicably directed plaintiff to pay $100 a week for defendant's support and the rental payments on the apartment, which previously, before the marriage, had been paid by the wife, in the amount of $619 a month, and to continue life insurance and health and hospital insurance. The plaintiff claims that when he served the defendant with a notice of action for divorce on or about October 5, 1981, she changed the locks on the apartment and effectively dispossessed him. He moved to his parents' home and applied to the court for access to the apartment to remove his belongings. The plaintiff husband was unemployed at the time of the separation but was receiving unemployment insurance of $125 a week. He has, however, assets derived from before the marriage of some $33,000 in savings accounts, and was earning $338 a week at the time that the defendant wife brought on this motion for the judgment for support arrears in the sum of $12,600 and for a payroll deduction of $100 per week. The wife has $2,500 in the bank; she has a

Saks Fifth Avenue charge account. In the interim, the husband has obtained his own apartment and alleges that his expenses total some $400 a week, or more than his income. Based on the earlier order at Special Term for the maintenance payments aforesaid, the court at Special Term granted enforcement of the substantial amounts here involved. The original direction was in my opinion an abuse of discretion. While it may have been that because the husband had some more money in the bank than the wife did, he could have been directed to pay maintenance for several months until the wife obtained employment, to enforce the payment of the amounts here involved is contrary to the intent of the provisions of section 236 (part B, subd 6) of the Domestic Relations Law. In accordance with the provision of section 236 (part B, subd 6, par b) which requires that the "factors it considered" be set forth by the court, all that we have here is that both parties were unemployed, that there were no children of this brief marriage, and that the husband had more money in the bank than the wife did. This is an insufficient basis for the determination made, and the orders at Special Term should be reversed, and the motions for the wage deduction order and a money judgment denied. The cross motion of the plaintiff husband for a trial preference, in view of the inordinate imposition upon him, should be granted.

Carro, J. (dissenting). While I agree with Justice Kupferman that the original order directing plaintiff to pay rent as well as $100 per week in *pendente lite* support is contrary to the intent of section 236 of the Domestic Relations Law. I cannot ignore the fact that plaintiff has made no attempt to pay *any* of the support, nor has he, as pointed to by the majority, made any effort to perfect his appeal from that order. While the record is murky as to the financial abilities of each, I cannot believe that defendant is now somewhat less employable than she was three years ago on the date of their marriage. I would, accordingly, modify to the extent of eliminating plaintiff's obligation to pay rent past the date when defendant locked him out of the apartment, but leave intact the $100 per week in support and grant plaintiff's motion for a trial preference. Although plaintiff handled this matter in a procedurally amateur fashion, leaving the orders below untouched does nothing to encourage defendant to proceed to trial. That forum, in my opinion, is the only place where all the facts can be examined and a fully equitable resolution had.