■ KROY TANNING COMPANY, INC., Respondent, v BRENTWOOD
YARN MILLS, INC., Appellant. — In an action to recover the value
of goods sold and delivered, defendant appeals from an order of
the Supreme Court, Suffolk County (DeLuca, J.), entered De-
cember 2, 1982, which denied its motion pursuant to CPLR 3211
(subd [a], pars 5, 7) to dismiss the complaint.

Order modified, on the law, by adding thereto, after the word
"denied", the following: "only insofar as it seeks dismissal under
CPLR 3211 (subd [a], par 5) and is granted insofar as it seeks
dismissal pursuant to CPLR 3211 (subd [a], par 7)". As so
modified, order affirmed, without costs or disbursements.

The complaint alleges that plaintiff, "at the special instance
and request of the defendant, sold and delivered to defendant
and the defendant accepted goods, wares and merchandise at the

agreed price and reasonable value of $30,875.26", and demands judgment in that amount. The bill of particulars served by plaintiff, however, contains documentation establishing that defendant did not order, receive, or use the goods in question; rather, plaintiff claims that defendant agreed to act as guarantor for a third party. Such proof shows a defect in the complaint which renders it insufficient (see *May Metropolitan Corp. v May Oil Burner Corp.,* 290 NY 260; *Rijek Realty v Crist,* 16 AD2d 964). Special Term, therefore, erred in denying that portion of defendant's motion which sought dismissal of the complaint for failure to state a cause of action under CPLR 3211 (subd [a], par 7). We have considered defendant's remaining contentions and find that they lack merit. O'Connor, J. P., Weinstein, Lawrence and Eiber, JJ., concur.