■ ALBERT L. GAINES, Appellant, v LEOLA M. GAINES et al., Respondents. — In an action to recover damages for falsely, maliciously and improperly issuing a restraining notice and executions, plaintiff appeals from an order of the Supreme Court, Westchester County (Isseks, J.), dated February 25, 1983, which granted defendant Hersh's motion to dismiss the complaint for failure to state a cause of action.

Order affirmed, with costs.

Among the provisions of the underlying judgment of divorce, dated April 2, 1982 (Marbach, J.), was an award of counsel fees to defendant wife Leola Gaines against plaintiff husband in the sum of $2,500. A copy of that judgment was served on plaintiff's former attorney on April 9, 1982. On or about April 15, 1982, defendant Jerome Hersh, acting as the wife's counsel, served a restraining notice on IBM Corp., plaintiff's employer, and on the Marine Midland Bank, N.A., which in turn levied upon plaintiff's property, effectively tying up his funds and making it impossible for him to pay his creditors. Hersh also stated to the Sheriff in an execution that a judgment had been issued to him as a judgment creditor against plaintiff in the sum of $2,500.

Upon learning of Hersh's action, plaintiff moved for an order of vacatur (inaccurately referring to Hersh's restraining notice as an order of attachment) and obtained an order temporarily staying proceedings pending a hearing. The order to show cause

was served on Hersh on April 27, 1982. On that same date, Hersh caused a properly designated execution to be issued. Plaintiff thereafter commenced the instant action against defendants, Leola Gaines, her attorney defendant Hersh and the Commissioner-Sheriff of the Department of Public Services for the County of Westchester, for falsely, maliciously and improperly issuing a restraining notice and property executions on two separate occasions when, in fact, no underlying judgment had been entered. Defendant Hersh moved to dismiss the complaint for failure to state a cause of action. Plaintiff now appeals from the granting of said motion.

While defendant Hersh's attempts at enforcement were far from exemplary, plaintiff has failed to allege facts sufficient to make out tortious or malicious conduct on the part of Hersh.

It is well settled that alimony and child support awarded in a matrimonial decree do not become a judgment debt enforceable by execution until the award is first reduced to judgment pursuant to Domestic Relations Law § 244 (*see, McGovern v Blaha,* 496 F Supp 964; *Matter of Mason v Belski,* 82 AD2d 939, *lv denied* 54 NY2d 609; *Tannenberg v Beldock,* 68 AD2d 307; *Snow v Snow,* 8 AD2d 516, *rearg denied* 9 AD2d 629; *Bank of Lake Placid v Rhino,* 111 Misc 2d 639; *Melchore v Melchore,* 212 NYS2d 213). A party may not execute on arrears accrued pursuant to a divorce judgment without first reducing them to a money judgment (*see, Wolfe v Wolfe,* 86 Misc 2d 313, 315-316, *revd on other grounds* 64 AD2d 700). It bears noting that the instant case is not the typical case in which Domestic Relations Law § 244 comes into play. Inasmuch as alimony and support arrears are not the subject of the instant appeal, our decision herein does not in any way conflict with established precedent. Nor does it constitute an attempt to sanction an ex parte entry of judgment against a defaulting spouse for arrears in obligations fixed by a prior court order (*see, St. Germain v St. Germain,* 25 AD2d 568).

While there is authority for the applicability of Domestic Relations Law § 244 to arrears of counsel fees (*see, Mulligan v Mulligan,* 79 AD2d 721, *affd* 54 NY2d 614; *Mittman v Mittman,* 30 AD2d 867, *affd* 24 NY2d 826), this merely illustrates that the manner in which defendant Hersh attempted to enforce the award of counsel fees contained in the final judgment of divorce was improper. It does not necessarily follow that plaintiff's action was properly based. What cannot be lost sight of is the fact that prompt service of a restraining order was imperative in view of the trial court's finding that plaintiff had already stolen his wife's portion of their stock dividends (*see, Seraita v Seraita,*

93 AD2d 725). While defendant Hersh's method of enforcement was far from perfect, plaintiff could have moved for a protective order pursuant to CPLR 5240. Plaintiff failed to avail himself of this remedy and chose instead to commence an action for damages predicated on allegations of malicious falsehood.

Inasmuch as plaintiff has failed to allege facts sufficient to support a claim of malice or an attempt on defendants' part to pervert legal process in order to procure some collateral advantage or corresponding detriment to plaintiff, he has failed to set forth the requisite elements of prima facie tort (*see, Miller v Beck,* 82 AD2d 912) or abuse of process (*see, Board of Educ. v Farmingdale Classroom Teachers Assn.,* 38 NY2d 397, 403; *Williams v Williams,* 23 NY2d 592). Absent any allegation of fraudulent, malicious or tortious conduct on the part of defendants, defendant Hersh sustained his burden, on the motion to dismiss the complaint for failure to state a cause of action, of showing that nothing which plaintiff might reasonably be expected to prove would avail him with respect to his claims (*see,* Siegel, NY Prac § 265, at 325).

In sum, the facts show a defect in the complaint which renders it insufficient (*see, May Metropolitan Corp. v May Oil Burner Corp.,* 290 NY 260; *Kroy Tanning Co. v Brentwood Yarn Mills,* 107 AD2d 798). The fact that Hersh's attempts at enforcement were legally improper does not, of itself, justify the commencement of plaintiff's action.

Accordingly, the complaint was properly dismissed. Thompson, Weinstein and Eiber, JJ., concur.

Lazer, J. P., dissents and votes to reverse the order appealed from and deny the motion to dismiss, with the following memorandum: My colleagues are holding that in this State there is no remedy for wrongful execution unless the victim can demonstrate malice. In this case, without benefit of a money judgment that could authorize execution upon or restraint of plaintiff's property, the defendant Hersh issued execution and restraining notices which tied up plaintiff's funds and restricted payment of his salary.

Affirming dismissal of the suit for failure to state a cause of action, my colleagues describe the defendants' action as "far from exemplary" and "far from perfect" but declare that no remedy is available for a wrongful execution because on this pleading motion plaintiff has "failed to allege facts sufficient to make out tortious or malicious conduct" on the part of defendants.

Actually plaintiff has pleaded the facts described and added to them assertions that defendants were motivated by malice,

perpetrated fraud and deliberately perverted the enforcement procedure. In any event, regardless of the contentions relative to the pleading of malice, plaintiff has clearly stated a cause of action for wrongful execution. As we wrote in *Silberstein v Presbyterian Hosp.* (96 AD2d 1096, 1096-1097): "We conclude that the complaint sufficiently alleges a cause of action for wrongful issuance of execution (see, generally, 33 CJS, Executions, § 452; 9 Carmody-Wait 2d, NY Prac, § 64:176). If process is vacated because of irregularity, e.g., lack of jurisdiction, an action may be brought after the vacatur in the nature of trespass (*Day v Bach,* 87 NY 56; *Siegel v Northern Blvd. & 80th St. Corp.,* 31 AD2d 182). The judgment and execution afforded no protection to the defendants because following vacatur they became trespassers *ab initio* and liable for the consequences of their acts as if the judgment and execution never existed (see *Fischer v Langbein,* 103 NY 84; *Siegel v Northern Blvd. & 80th St. Corp., supra; Bornstein v Levine,* 7 AD2d 843). The defendant law firm has no privilege or immunity because an attorney is liable if he causes irregular process to be issued which occasions loss to the party against whom it is enforced (*Vernes v Phillips,* 266 NY 298; *Bornstein v Silverman,* 9 AD2d 363). Thus, plaintiff has met his burden of demonstrating a prima facie cause of action".

Accordingly, I dissent and vote to reverse and deny the motion to dismiss.