OPINION OF THE COURT
Jasen, J.
The principal issue presented on this appeal is whether the causes of action for arrears in alimony and child support are barred by the Statute of Limitations.
The parties were married in 1963 and had two children. On December 4, 1970, they executed a separation agreement, the terms of which were incorporated by reference, but not merged, into a Mexican divorce decree entered on February 9, 1971. Plaintiff wife remarried on April 30,1976, thereby terminating her right to receive alimony. The present action claiming alimony and child support arrears and counsel fees was commenced by a complaint stating 11 causes of action. Except for the eleventh cause of action seeking counsel fees, the odd numbered causes of action are grounded on the separation agrees ment and the parallel even numbered causes of action are grounded on the Mexican divorce decree.
By its resettled order, Supreme Court, inter alia, dismissed defendant husband’s affirmative defense of the Statute of Limitations, granted summary judgment to plaintiff on her first, second, third, fourth, ninth and tenth causes of action, dismissed the fifth and sixth causes of action on consent, and directed entry of judgment against defendant in the sum of $80,000 with interest. The court held, in part, that a 20-year limitations period was applicable to plaintiff’s first and second causes of action for arrears and, consequently, rejected defendant’s contention that a six-year limitations barred that portion of plaintiff’s arrears claim. Subsequently, judgment was granted to plaintiff for counsel fees.
The Appellate Division, without opinion, reduced the judgment against defendant to $75,400, but otherwise affirmed the order and judgments of Supreme Court. This court granted defendant leave to appeal. We now modify for the reasons that follow.
*598 Plaintiff’s first cause of action, predicated upon the separation agreement, incorporated into but not merged with a divorce decree, is governed by the six-year Statute of Limitations applicable to contractual obligations. (Galyn v Schwartz, 56 NY2d 969, modfg 77 AD2d 437; CPLR 213 [2].) To the extent that a portion of plaintiff’s claim is for arrears in alimony and child support payments which became due more than six years prior to the commencement of this action, that part of the cause of action is time-barred.
Plaintiff’s second cause of action, predicated upon the foreign divorce decree, is likewise governed by a six-year time limitation. The 20-year Statute of Limitations provided in CPLR 211 for the enforcement of a money judgment is inapplicable. Alimony and child support payments awarded in a divorce decree do not constitute a judgment debt until the arrearages are reduced through further proceedings to a judgment. (See, Mason v Belski, 82 AD2d 939, lv denied 54 NY2d 609; Snow v Snow, 8 AD2d 516; Domestic Relations Law § 244; Family Ct Act § 466 [c] [i].) Rather, because there is no time limitation specifically prescribed by statute, the six-year period provided in CPLR 213 (1) applies. (See also, CPLR 201.) Hence, as with the first cause of action, the claim for any arrearages under the second cause of action which were owing more than six years prior to commencement of this action is time-barred.
CPLR 105 (q) does not require a different result. A “money judgment” is therein defined as “a judgment, or any part thereof, for a sum of money or directing the payment of a sum of money.” If considered in isolation, this definition might appear to encompass a divorce decree incorporating a separation agreement which, in turn, provides for continuing alimony and child support payments. When, however, the definition is viewed in light of the aforecited provisions of the Domestic Relations Law and the Family Court Act dealing with the enforcement of matrimonial decrees, it can be seen, more properly, to apply to a judgment for arrears — i.e., a judgment directing the making of alimony and child support payments which have already accrued. It is such a judgment for arrears, not the divorce decree itself, which is enforced in the “manner provided by law for the collection of money judgments.” (Domestic Relations Law § 244 [emphasis added]; see also, Family Ct Act § 466 [c].) Accordingly, it is a judgment for arrears,, not the mere accrual of arrears under a divorce decree, which has a 20-year limitation period under CPLR 211.
We have examined defendant’s other contentions and find them to be without merit.
*599 For the foregoing reasons, the order of the Appellate Division should be modified and the case remitted to Supreme Court for proceedings in accordance with this opinion.
Chief Judge Wachtler and Judges Meyer, Simons, Kaye, Alexander and Titone concur.
On review of submissions pursuant to section 500.4 of the Rules of the Court of Appeals (22 NYCRR 500.4), order modified, with costs to appellant, and case remitted to Supreme Court, New York County, for further proceedings in accordance with the opinion herein and, as so modified, affirmed.