■ LUCILLE BARRINGER, Appellant, v ROBERT DONAHUE, Respondent.—In an action to enforce certain provisions of a separation agreement entered into by the parties, the plaintiff appeals from an order of the Supreme Court, Nassau County (Levitt, J.), entered December 11, 1985, which dismissed the complaint.

Ordered that the order is reversed, on the law, with costs, and the matter is remitted to the Supreme Court, Nassau County, for further proceedings.

The plaintiff Lucille Barringer and the defendant Robert Donahue were married on September 20, 1958, and had three children, the youngest of whom was born August 26, 1968. They entered into a separation agreement (hereinafter the agreement) dated October 2, 1972, which provided in pertinent part that "[t]he husband shall pay the sum of ONE HUNDRED FIFTY ($150.00) DOLLARS per week for the support of said wife and for the support, maintenance and education of the issues of said marriage until said infants reach majority or are fully

emancipated". On March 8, 1973, the parties were divorced in the Dominican Republic. The agreement survived the judgment of divorce. The plaintiff remarried in 1974. The summons and verified complaint, which alleged that the defendant breached the separation agreement by failing to make the aforementioned support payments, was served on June 19, 1984. Special Term dismissed the complaint on the grounds that the plaintiff waived her right to support by failing to make a demand for support for over 12 years, and that her remarriage terminated the defendant's obligations under the separation agreement.

On this record, there is a triable issue of fact as to whether the plaintiff waived her right to support (see, Maule v Kaufman, 33 NY2d 58, rearg denied 33 NY2d 940; Friedman v Exel, 116 AD2d 433). Furthermore, in this case, the plaintiff's remarriage did not terminate her right to support. When, as here, the agreement recites that all understandings between the parties are incorporated therein, and provides that unallocated support payments may be reduced under certain conditions, "it is only those conditions, and no others not stated, which will permit of such reduction (Nichols v. Nichols, 306 N. Y. 490; Rehill v. Rehill, 306 N. Y. 126)" (Stern v Stern, 41 AD2d 676, 677, lv dismissed 32 NY2d 704). The agreement is explicit that support shall terminate only when the youngest child reaches the age of majority or is emancipated. Mangano, J. P., Thompson, Brown and Eiber, JJ., concur.