■ Tamaria M. Eichelburg, Respondent, v Robert J. Eichelburg, Appellant. (Action No. 1.) Robert J. Eichelburg, Appellant, v Tamaria M. Eichelburg, Respondent. (Action No. 2.)—In two matrimonial actions, the husband appeals from (1) an order of the Supreme Court, Westchester County (Coppola, J.), entered January 31, 1989, in action No. 1, which directed a joint trial of the actions in Westchester County and granted the wife leave to enter a money judgment in the sum of $21,150, representing arrears in maintenance, and (2) an order of the Supreme Court, Nassau County (McCaffrey, J.), dated February 10, 1989, which, based upon the order of the Supreme Court, Westchester County, entered January 31,

1989, referred action No. 2 to the Supreme Court, Westchester County.

Ordered that the orders are affirmed, with one bill of costs.

The wife instituted action No. 1 in the Supreme Court, Westchester County, in 1986, seeking a judgment declaring null and void a Connecticut divorce judgment obtained by the husband in 1985, and ancillary relief. By order entered May 6, 1986, the Connecticut divorce judgment was held a nullity due to lack of jurisdiction. By order dated June 27, 1986, the husband's counterclaim for divorce in action No. 1 was dismissed and he was directed to pay the wife permanent maintenance in the amount of $225 per week. It was uncontradicted that the husband unilaterally ceased payment of that maintenance in February 1987.

The husband commenced action No. 2 for a divorce and ancillary relief in the Supreme Court, Nassau County, by service of summons and complaint dated October 13, 1988. By order to show cause dated October 14, 1988, the husband then moved in the Supreme Court, Nassau County, to stay enforcement of the order of the Supreme Court, Westchester County, dated June 27, 1986. That motion was denied. The wife then moved in the Supreme Court, Westchester County, *inter alia,* for leave to enter a money judgment for the arrears in maintenance, for an upward modification of maintenance, and for a joint trial of her motion for economic relief in action No. 1 with action No. 2. The husband then simultaneously (1) cross-moved, in the Supreme Court, Westchester County, *inter alia,* to designate the Supreme Court, Nassau County, as the venue for the joint trial, and (2) moved in the Supreme Court, Nassau County, for that same relief. He failed to advise the Supreme Court, Nassau County, that an application for identical relief was pending in Westchester County.

The Supreme Court, Westchester County, directed a joint trial of the actions in Westchester County, and granted the wife leave to enter a money judgment in the sum of $21,150, representing the arrears in maintenance from February 1, 1987 through November 30, 1988. That court further noted that it retained continuing jurisdiction for purposes of enforcing its prior order awarding the wife maintenance. By order dated February 10, 1989, the Supreme Court, Nassau County, referred the action pending in that county to the Supreme Court, Westchester County.

A joint trial of action No. 2 and the wife's application for an economic relief in action No. 1 in Westchester County was

properly directed. Jurisdiction was first invoked in Westchester County in 1986 when the wife commenced her action for a judgment declaring the Connecticut divorce judgment null and void *(see, Strasser v Neuringer,* 137 AD2d 750; *Olownia v Toussaint,* 98 AD2d 716). That court retained continuing jurisdiction for purposes of the wife's application, which constituted a motion in the action pending in Westchester County *(see, Haskell v Haskell,* 6 NY2d 79; *Baratta v Baratta,* 122 AD2d 3; *Strand v Strand,* 57 AD2d 1033; *see,* 2 Foster, Freed & Brandes, Law and the Family New York § 4:13 [2d ed]). No special circumstances compelling trial in Nassau County have been presented *(see, Strasser v Neuringer, supra).*

The husband never appealed from the order awarding maintenance or moved for a downward modification of the maintenance award. Since he failed to demonstrate good cause for his failure to seek such relief, the court properly entered judgment for the full amount of the arrears *(see,* Domestic Relations Law § 236 [B] [9] [b]).

The husband's assertion that the Supreme Court, Westchester County, improperly failed to hold a hearing on the issue of his defense of waiver of maintenance is unsupported by the record. The wife's failure to seek enforcement of the arrears for a period of some 20 months does not support a finding that she waived her rights to the arrears *(cf., Friedman v Exel,* 116 AD2d 433; *Barringer v Donahue,* 128 AD2d 579). There being no factual dispute with respect to the defense of waiver, the court properly granted the wife leave to enter a money judgment for the arrears without a formal evidentiary hearing *(see, Gibb v Gibb,* 49 AD2d 786; *Marra v Marra,* 73 AD2d 1007; *see,* CPLR 2218; *cf., Graepel v Graepel,* 125 AD2d 447, 449-450). Bracken, J. P., Kooper, Rubin and Balletta, JJ., concur.