■ WILLIAM A. LIEBERMAN, Respondent, v POBINER, LONDON, BASHIAN & BUONAMICI et al., Appellants.—In an action to recover damages for abuse of process, the defendants appeal from an order of the Supreme Court, Westchester County (Wood, J.), entered March 28, 1991, which, *inter alia,* denied their motion for summary judgment.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

The defendant Pobiner, London, Bashian & Buonamici represented the defendant Diane Lieberman, during the course of an action for divorce commenced by the plaintiff William Lieberman in August 1989. Upon her motion seeking various pendente lite relief, the Supreme Court, Westchester County, ordered William Lieberman to pay, *inter alia,* $5,000 in interim attorney's fees to the defendant law firm by order entered June 6, 1990, "within 30 days of service upon him of a copy of this order with notice of entry". Upon William Lieberman's failure to pay the fees, on August 17, 1990, the defendant law firm presented a judgment and "Affirmation in Support of Entry of Judgment" to the Office of the Westchester County Clerk. The Clerk reviewed the proposed judgment and affirmation in support, and the Clerk entered judgment in favor of Diane Lieberman and against William Lieberman in the amount of the counsel fees and other relief awarded. The firm then caused restraining notices and informational subpoenas to be served upon the Bank of New York and Eastchester Savings Bank as to William Lieberman's accounts.

Several days later, on August 22, 1990, an employee of the Office of the Clerk of the County of Westchester called the defendant law firm, informing a partner that the judgment entered August 17, 1990, would be vacated sua sponte due to a procedural defect in the underlying order, to wit, the order did not contain the direction to the Clerk to "enter judgment".

William Lieberman commenced the instant action by summons and complaint, in September 1990. The defendants moved to dismiss the complaint pursuant to CPLR 3212 and 3211 (a) (1), arguing that it was only after vacatur of the judgment that the defendant law firm learned of the requirement that an order must specifically authorize the Clerk to enter judgment. It asserted that it had lawfully relied upon the Clerk's entry of a judgment, in an attempt to enforce a

valid court order. The Supreme Court denied the defendants' motion, finding the existence of unspecified questions of fact. The pendente lite order awarding interim counsel fees was recently affirmed on appeal *(see, Lieberman v Lieberman,* 187 AD2d 567).

We conclude that the court improperly denied summary judgment to the defendants. To prevail on the cause of action to recover damages for abuse of process, the plaintiff had to establish that the defendants (1) used regularly-issued process, either civil or criminal, (2) with an intent to do harm without excuse or justification, and (3) used the process in a perverted manner to obtain a collateral objective *(see, Curiano v Suozzi,* 63 NY2d 113, 116, citing *Board of Educ. v Farmingdale Classroom Teachers Assn.,* 38 NY2d 397, 403). However, the facts presented by the plaintiff in opposition to the motion to dismiss were insufficient to create a triable issue with respect to his claim that defendant law firm engaged in a "misuse or perversion of regularly issued legal process for a purpose not justified by the nature of the process" *(Board of Educ. v Farmingdale Classroom Teachers Assn., supra,* at 400).

There is no question that the defendant law firm employed a legally invalid method to secure the judgment against the plaintiff. It is well settled that counsel fees awarded in a matrimonial action do not become a judgment debt enforceable by execution until the award is first reduced to a judgment *(see,* Domestic Relations Law § 244; *Gaines v Gaines,* 109 AD2d 866, 867). However, while the manner in which counsel attempted to enforce the award of counsel fees contained in the pendente lite order was technically improper, it does not necessarily follow that the action to recover damages for abuse of process has merit *(see, Gaines v Gaines, supra,* at 867). The plaintiff simply has failed to demonstrate that the defendant has used process for other than its proper purpose *(see, Matter of Simithis v 4 Keys Leasing & Maintenance Co.,* 151 AD2d 339; *Berman v Silver, Forrester & Schisano,* 156 AD2d 624; *Williams v Pinks, Feldman & Brooks,* 141 AD2d 723). Moreover, this Court notes that the law firm had cause to believe prompt service of a restraining order was imperative, as the plaintiff had disregarded the order of the Supreme Court directing him to pay counsel fees within 30 days after service *(see, Gaines v Gaines, supra).*

We have reviewed the remaining request for sanctions pursuant to 22 NYCRR part 130, and find it to be without merit. Thompson, J. P., Rosenblatt, Miller and Ritter, JJ., concur.