■ JANET DONAGHY, Respondent, v JOHN J. DONAGHY, Appellant. [611 NYS2d 55] —Yesawich Jr., J. Appeal (transferred to this Court by order of the Appellate Division, Second Department) from an order of the Supreme Court (Kaiser, J.H.O.), entered May 21, 1991 in Westchester County, which, *inter alia,* denied defendant's motion to vacate money judgments against him and granted plaintiff's cross motion for an award of counsel fees.

The issues raised in this 1985 divorce action were for the most part settled by a stipulation executed by the parties which was incorporated but not merged into a judgment of divorce entered June 20, 1990. The stipulation reserved the matter of counsel and professional fees for determination by Supreme Court, which, after considering the parties' submissions on the issue, awarded plaintiff counsel fees and disbursements of $68,632.75 and $12,171.25 for other professional fees incurred. Defendant's appeal from that order was dismissed, on plaintiff's motion, for failure to perfect the appeal, and his subsequent motion for permission to reargue was denied.

On September 13, 1990, plaintiff served upon defendant three proposed money judgments (one each in favor of plain-

tiff's lead counsel, plaintiff's trial counsel and plaintiff), noticed for settlement on September 19, 1990. No opposing papers were submitted by defendant and Supreme Court signed the three judgments, which were duly entered on November 21, 1990. Shortly thereafter, apprised that plaintiff had taken steps to enforce the judgments by property execution, defendant's counsel moved by order to show cause to vacate the judgments, and to restrain and enjoin plaintiff and her counsel from further enforcement. The basis for this application was plaintiff's failure to serve the judgments, along with notice of their entry, on defendant. Plaintiff crossmoved for counsel fees, costs and sanctions.

Finding that service of the judgments was not a necessary prerequisite to their enforcement, Supreme Court denied defendant's motion, except to the extent of staying the execution for a short period of time to enable plaintiff to correct an assertedly improper and duplicative bill of costs, and awarded plaintiff $1,000 in counsel fees on her cross motion. Defendant appeals.

There is no merit in defendant's contention that the money judgments must be vacated because he was not served with copies of them or otherwise notified of their entry. Defendant's reliance on cases holding that an order affecting the rights of a party lacks force unless and until it is served on that party (see, e.g., Cultural Ctr. Commn. v Kokoritsis, 103 AD2d 1018) is misplaced, for it was Supreme Court's prior order, incorporated into the judgment of divorce, which obligated defendant to pay the sums recited in the money judgments. Recasting defendant's obligation in that form did not change it in any substantive way, for plaintiff could have simply requested the clerk to docket the underlying order as a judgment, pursuant to CPLR 2222, and then proceed to enforce the resulting judgment in accordance with the provisions of CPLR article 52 (see, Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR 2222:1, at 221). Having been served with the order which established his obligation to pay, and also with the proposed judgments and notice of the settlement date, defendant can hardly claim to have been prejudiced by plaintiff's failure to notify him again when the order for the three judgments was formally entered.

Equally unconvincing is defendant's claim that plaintiff's failure to serve the judgments curtailed his right to "pursue further legal action". Defendant's prior aborted appeal of the underlying order precludes further appellate review of any issues which could have been raised at that time (see, Mon-

*talvo v Nel Taxi Corp.,* 114 AD2d 494, *lv denied, lv dismissed* 68 NY2d 643), including the propriety of an award of counsel fees and the appropriateness of the amount awarded.

As for that portion of defendant's motion which seeks to restrain or enjoin enforcement of the judgments, it suffices to note that the CPLR permits enforcement of a judgment from the time of entry and docketing *(see,* Siegel, NY Prac § 485, at 741 [2d ed]; 6 Weinstein-Korn-Miller, NY Civ Prac ¶ 5230.15). Nor is the relief of a protective order afforded by CPLR 5240 available to defendant, for there is no evidence of any unreasonable annoyance, expense, embarrassment, disadvantage or other prejudice stemming from the enforcement at issue *(see, Commercial Credit Dev. Corp. v Bailey,* 80 AD2d 748). Defendant's contention that seizure of his bank accounts will force him to default on his obligations under the parties' stipulation is not supported by the record, which shows that defendant has substantial assets and income.

Lastly, Supreme Court was well within its discretion in awarding plaintiff $1,000 in counsel fees in connection with these proceedings *(see,* Domestic Relations Law § 238).

Mikoll, J. P., Mercure, Crew III and White, JJ., concur. Ordered that the order is affirmed, with costs.