OPINION OF THE COURT
Lewis R. Friedman, J.
In this matrimonial case by order dated July 5, 1994 the court ordered defendant (husband) to pay pendente lite support to wife and to pay fees to wife’s attorneys and appraisers. Wife’s counsel had that order docketed as a judgment pursuant to CPLR 2222. Wife’s counsel thereafter issued an execution on that judgment. Husband moves to vacate the judgment and the execution.
The issue is whether an order in a matrimonial case may be docketed as a judgment without a specific court direction to that effect. Thus this motion requires reconciliation of CPLR 2222 and Domestic Relations Law § 244.
CPLR 2222 provides, in pertinent part: "At the request of any party the clerk shall docket as a judgment an order directing the payment of money”. That provision reformulates the former rules of practice (see, former Rules Civ Prac rule 74; former Gen Rule Prac rule XXVII; 3d Report Advisory Comm on Prac & Pro, 1959 NY Legis Doc No. 17, at 184) but differs from its predecessors by omitting the requirement that there be a court direction for docketing an order as a judgment. Thus, without further judicial intervention CPLR 2222 permits any order requiring payment of money to be docketed as a judgment subject to enforcement under CPLR article 52.
Domestic Relations Law § 244 provides for enforcement of "arrears” in matrimonial actions. That section provides in part: "Where a spouse in an action for divorce * * * defaults in paying any sum of money as required by the judgment or order directing the payment thereof * * * such direction shall *855 be enforceable pursuant to [CPLR 5241 or 5242]”. That language, which is almost identical to that in Domestic Relations Law § 236 (B) (9) (a), has been held to preclude resort to CPLR 5241 and 5242 for any orders except for the payment of support (see, Sitarek v Sitarek, 179 AD2d 1065; Brian Maloney, M.D., P. C. v Maloney, 140 Misc 2d 852, 856).
Domestic Relations Law § 244 also provides: "The court shall make an order directing the entry of judgment for the amount of arrears of any other payments so directed”. That provision has been held to apply to counsel and expert fees (see, e.g., Gaines v Gaines, 109 AD2d 866). Under section 244 a proceeding on notice to the adversary is required prior to the entry of any judgment (St. Germain v St. Germain, 25 AD2d 568, 569; Lewandoski v Lewandoski, 278 App Div 1004).
Wife relies on the recent case of Donaghy v Donaghy (203 AD2d 803) for the proposition that CPLR 2222 may be used to docket the order as a judgment ex parte. In Donaghy the Third Department held that it was not necessary to serve defendant with a notice of entry of money judgments entered in a matrimonial case prior to execution on those judgments. In dictum the court noted that the same result would have occurred if the order for the payment of money had simply been docketed as a judgment under CPLR 2222. The court did not analyze CPLR 2222 or Domestic Relations Law § 244.
This court finds that the conclusion of the Second Department in St. Germain v St. Germain (supra) that section 244 is the exclusive remedy for an aggrieved party in a matrimonial case where there are unpaid monetary amounts is consistent with the purposes and policy of the Domestic Relations Law. Under section 244 the cases consistently hold that, subject to that section’s own restrictions on reduction of arrears, such as for child support, the court retains jurisdiction to exercise discretion prior to the entry of a judgment for unpaid items. The court may reduce, modify or condition payment of a previously set amount (cf., Mulligan v Mulligan, 79 AD2d 721; Jaron v Jaron, 174 AD2d 823).[1] Obviously, in order for the court to exercise its discretion the proceeding must be on notice and not ex parte.
Further, the prohibition of the use of CPLR 2222 for orders such as those at bar is consistent with the procedure as most Matrimonial Part Judges have believed them to be. Indeed, *856 this court was surprised to learn that the order here was docketed as a judgment. The court’s investigation reveals that the Judgment Clerk in this county has routinely been granting requests of counsel to docket as judgments orders such as that at bar. Yet, this court’s discussion with all of the Justices assigned to the Matrimonial Parts in this county shows that they are as surprised as the undersigned at that result.[2] It appears to be the consensus of the Justices that an order pursuant to the Domestic Relations Law should be docketed as a judgment only if there is a specific judicial direction that provides for that relief.
It is important to realize that a direction that one party be responsible for the other’s attorney’s fees is not a simple self-executing matter. Numerous issues remain to be resolved. When is the payment due? Is the payment to be made to the party or to the attorney directly (see, Domestic Relations Law § 237)? Is the entry of judgment the correct device to insure a just result? These matters are best resolved by the Justice who directs the entry of judgment and are not ministerial matters to be left to the Judgment Clerk. The use of CPLR 2222 provides the opportunity for an unscrupulous spouse to impair their adversaries’ credit rating by docketing a judgment even though payment has been made. It is only when judgments are docketed under the specific directive of the Justice handling the case that the court can exercise the discretion granted by the Legislature and retain control of the collection mechanisms used for enforcement of support orders in matrimonial cases. This approach is consistent with the movement toward specialized Matrimonial IAS Parts, such as in this county, where a single Justice is familiar with all aspects of a matrimonial case.
Since entry of a judgment for unpaid support "procedure is regulated by inconsistent statute” the Domestic Relations Law takes precedence and a support order may not be docketed as a judgment pursuant to CPLR 2222 (CPLR 101; St. Germain v St. Germain, supra, 25 AD2d, at 569). A judgment for fees may only be entered as directed by the court which issues the support order. The judgment based on this court’s order dated July 5, 1994 is vacated as is any execution based on that judgment.
*857 Husband also seeks to vacate an income execution pursuant to CPLR 5241 served on husband on September 13, 1994 on the grounds that there is a "mistake of fact.” Wife asserts that husband was in arrears in his child support payments for August and September 1994 because he failed to pay any of the $1,500 per month ordered by this court. Husband swears that he had paid $2,000 toward the child support; he claims that when he learned that wife asserted that she had not received the checks he promptly replaced them. Those checks were allegedly received on September 15 and 18, two days after the execution was delivered to husband’s counsel. Husband’s stated belief is that wife held the checks he had originally sent so that she could issue the income execution. Wife notes that husband is also in arrears in failing to pay $500 per month toward arrears as required by the court order.
CPLR 5241 (b) permits issuance of an income execution "[w]hen a debtor is in default”. CPLR 5241 (a) (7) provides that " 'Default’ means the failure of a debtor to remit to a creditor three payments on the date due in the full amount directed by the order of support, or the accumulation of arrears equal to or greater than the amount directed to be paid for one month, whichever first occurs.” Wife does not contend that there were three payments that were not paid in full when due.
Rather, wife argues that the unpaid amount exceeded "the amount directed to be paid for one month”. Wife contends that at the time the execution was served on husband he was in default for failure to pay $3,000. The court has reviewed the documents submitted on this motion. Husband has shown his checkbook for the allegedly previously issued checks as well as his "stop payment” orders to the bank. Wife has not submitted an affidavit that she did not receive the checks allegedly left with her doorman.
Alternatively, wife concludes that more than $1,500 was outstanding when she served the execution by adding the conceded $1,000 shortfall in the monthly amounts to husband’s failure to pay $1,000 toward arrears. The income execution does not allege that husband is in default of payment of the $500 per month towards arrears. The court does not believe that the Legislature intended to permit a party to *858 defend a "mistake of fact” proceeding when the execution itself never alleged the "fact.”
Under the circumstances the court concludes that at the time the execution was served, the defaults in payment had not reached the statutory threshold for CPLR 5241 to come into play. The income execution under CPLR 5241 is vacated.

. Indeed there is a companion motion by husband to reduce the amount previously ordered.

. Wife, perhaps unsure of the propriety of using CPLR 2222, has moved separately for the entry of a judgment on the unpaid counsel and appraiser’s fees.