[632 NYS2d 226]

In the Matter of ROBERT L. SCHULZ et al., Appellants-Respondents, v NEW YORK STATE BOARD OF ELECTIONS et al., Respondents-Appellants.

Third Department, October 3, 1995

## APPEARANCES OF COUNSEL

*Dennis C. Vacco,* Attorney-General, Albany *(Lew A. Millenbach* of counsel), for appellants.

*Robert L. Schulz,* Queensbury, respondent *pro se.*

*Greisberger, Dollinger & Fletcher,* Webster *(Richard Dollinger* of counsel), respondent *pro se.*

## OPINION OF THE COURT

Per Curiam.

During both the 1994 and 1995 legislative sessions, the Senate and Assembly passed concurrent resolutions to amend NY Constitution, article VII, §§ 1, 2, 10, 11 and 16 which, *inter alia,* address the State's ability to contract certain debt *(see,* 1995 NY Senate-Assembly Bill S 3631-A, A 4044-A; 1994 NY Senate-Assembly Bill S 8596, A 11860). A certified copy of the concurrent resolution was thereafter sent to respondent State Board of Elections (hereinafter the State Board) for submission to the voters in the State-wide general election to be held on November 7, 1995.

On or about August 1, 1995, the State Board prepared, certified and transmitted the text, an abstract and a form of submission for "Proposal Number Three, An Amendment" to the county Boards of Elections; the transmittal to the local Boards of Elections also contained three unrelated propositions to be placed on the ballot. Proposal Number Three contains all of the changes to NY Constitution article VII proposed by the concurrent resolution *(see,* Election Law § 4-108 [1] [a]).

Petitioners thereafter commenced this combined proceeding and action to challenge the wording of the text, abstract and form of submission of Proposal Number Three. The first claim alleges that the State Board violated Election Law § 4-108 (2) by treating the proposed amendments to NY Constitution, article VII, §§ 1, 2, 10, 11 and 16 as a single proposition rather than five separate and consecutively numbered propositions. The second claim alleges that the abstract certified by the State Board fails to concisely state the purpose and effect of the proposed amendments in "a clear and coherent manner using words with common and everyday meanings" as required by Election Law § 4-108 (1) (d). The third claim alleges that the form of submission certified by the State Board fails to indicate the subject matter of the proposed amendments "in

a clear and coherent manner" as required by Election Law § 4-108 (2). The fourth claim alleges that a 1993 amendment to Election Law § 4-116 *(see,* L 1993, ch 60, § 5), which reduced the publication period for propositions from two weeks to one week prior to election and which reduced the number of publishing newspapers from two per county to one per county, is unconstitutional.

By order entered August 24, 1995, Supreme Court dismissed petitioners' fourth claim for failure to state a cause of action. In a separate and subsequent decision, Supreme Court determined that the State Board violated Election Law § 4-108 (2) by combining all of the proposed amendments contained in the concurrent resolution into a single proposition rather than five separate propositions corresponding with the five sections of NY Constitution article VII proposed to be amended; the merits of the second and third claims were not reached by Supreme Court. An order was entered September 15, 1995 annulling the text, abstract and form of submission of Proposal Number Three and remitting the matter to the State Board; respondents appeal. Petitioners appeal Supreme Court's dismissal of their fourth claim and have now moved in this Court by order to show cause for an order vacating the automatic stay of the order entered September 15, 1995.

■ Initially, we conclude that Supreme Court properly dismissed petitioners' fourth claim. NY Constitution, article XIX, § 1 clearly gives the Legislature the prerogative to designate the procedure to be used in submitting proposed amendments to the voters. "[I]t shall be the duty of the legislature to submit each proposed amendment or amendments to the people for approval *in such manner and at such times as the legislature shall prescribe"* (NY Const, art XIX, § 1 [emphasis supplied]). In our view, the Legislature was acting within this authority in amending the publication requirements contained in Election Law § 4-116.

■ Moving now to the first claim, we conclude that Supreme Court erred in declaring the text, abstract and form of Proposal Number Three to be null and void. The basic procedure for amending the NY Constitution requires two successive sessions of the Legislature to approve a proposed amendment and, as previously stated, submit the proposal to the voters for approval "in such manner and at such times as the legislature shall prescribe" (NY Const, art XIX, § 1). When a proposed amendment is to be submitted to the voters in a general election, the State Board is required to "transmit to each

county board of elections a certified copy of the text of each amendment, proposition or question and a statement of the form in which it is to be submitted" (Election Law § 4-108 [1] [a]). Election Law § 4-108, which forms the basis of petitioners' first claim, further provides, in pertinent part, that: "If more than one such amendment, proposition or question is to be voted upon at such election, each such amendment, proposition or question respectively shall be separately and consecutively numbered" (Election Law § 4-108 [2]).

Petitioners contend that because five sections of NY Constitution article VII were proposed to be amended by the concurrent resolution, this provision requires the State Board to set forth five separate and consecutively numbered corresponding propositions. Supreme Court agreed, ruling that by directing, in the sixth section of the 1995 concurrent resolution, that the *"amendments* be submitted to the people for approval at the general election to be held in the year 1995 in accordance with the provisions of the election law" (1995 NY Senate-Assembly Bill S 3631-A, A 4044-A [emphasis supplied]), the Legislature intended to submit five separate proposals, not a single proposal. Supreme Court was also persuaded by the fact that the proposed amendments were located in five separate sections of the concurrent resolution rather than a single section.

An examination of Election Law § 4-108 reveals that it speaks in terms of the proposed "amendment, proposition or question" to be submitted to the voters (see, Election Law § 4-108 [1] [a], [d]; [2]). Viewed as a whole, this section implicitly acknowledges that numerous proposed amendments may be presented as a single "proposition" or "question". Significantly, if the Legislature wanted the amendments in the concurrent resolution to be submitted to the voters as five separate amendments or propositions, as opposed to "one package", it could have clearly directed such a presentation (see, e.g., Frank v State of New York, 61 AD2d 466, 469-470, n 3, affd 44 NY2d 687). The mere use of the word "amendments" in the sixth section of the concurrent resolution does not constitute a clear, unequivocal directive that five separate propositions be placed on the ballot.

Further, the proposed amendments to NY Constitution, article VII, §§ 1, 2, 10, 11 and 16 are contextually interrelated to such a degree that they must stand or fall together to have any effect; for example, the most extensive proposed amendments are located in section 4 of the concurrent resolution

which proposes to amend NY Constitution, article VII, § 11 by adding new subdivisions (b) through (g) and (i) through (k). The proposed amendments contained in sections 2, 3 and 5 of the concurrent resolution—which respectively propose to amend NY Constitution, article VII, §§ 2, 10 and 16—contain cross references to those proposed subdivisions to be added. As respondents correctly point out, the submission of five separate propositions could theoretically result in the approval of some, but not all, of the interrelated proposed amendments. For example, the approval of the amendments to NY Constitution, article VII, §§ 2, 10 and 16—which contain the cross references to the proposed additions to NY Constitution, article VII, § 11—would have an absurd result in the event the latter additions were not approved; they would cross reference nonexistent provisions. Consequently, in ascertaining the Legislature's intent in section 6 of the concurrent resolution, and to the extent the use of the word "amendments" is ambiguous, basic rules of statutory interpretation, which are applicable in this context *(see, Frank v State of New York, supra,* at 470-471, n 4), suggest that the amendments should be presented as a single proposition to avoid objectionable, ineffective or absurd results *(see,* McKinney's Cons Laws of NY, Book 1, Statutes §§ 141, 144, 145).* Accordingly, we reverse the order of Supreme Court entered September 15, 1995.

■ Finally, we find no merit to petitioners' second and third claims whereby they assert that the abstract and form of submission of Proposal Number Three, as prepared and certified by the State Board, violate Election Law § 4-108 (1) (d) and (2). An examination of the abstract reveals that it clearly and coherently conveys "the purpose and effect" of the proposition (Election Law § 4-108 [1] [d]). The first line states that "[t]he purpose of this proposal is to revise the State's borrowing practices". The balance of the abstract briefly outlines, in understandable language, the proposed changes and the effect of those changes; for example, "[t]he proposal would permit the State to contract two forms of revenue debt without voter approval". Similarly, a review of the form of submission

---

* An examination of the Assembly sponsors' memorandum in support of the concurrent resolution lends additional support to our conclusion that the Legislature intended the amendments to NY Constitution article VII to constitute a single proposition. The sponsors refer to the concurrent resolution as making "a series of changes to the State debt reform amendment passed by the Legislature in 1993" and repeatedly refer to proposed amendments in the concurrent resolution in the singular, as the "amendment".

reveals that it has "an abbreviated title" which clearly and coherently indicates "the subject matter" of the proposal (Election Law § 4-108 [2]), i.e., "Revision of State's Borrowing Practices". The State Board, which sought and obtained the advice of the Attorney-General and the Comptroller in its preparation (see, Election Law § 4-108 [3]), could arguably have worded the form of submission in a number of different ways. The paragraph which describes the proposal concisely and accurately sets forth, in understandable terms, a brief summary of that which is set forth in the text and abstract. We are satisfied that the State Board amply met the requirements of the drafting standards set forth in Election Law § 4-108 (1) (d) and (2).

The petition is in all respects dismissed.

CARDONA, P. J., WHITE, CASEY, YESAWICH JR. and SPAIN, JJ., concur.

Ordered that the order entered August 24, 1995 is affirmed, without costs.

Ordered that the order entered September 15, 1995 is reversed, on the law, without costs, and petition dismissed.

Ordered that the motion to vacate the stay is dismissed, as academic, without costs.