Hon. John P. Cahill Formal Opinion Commissioner No. 2000-F2 Department of Environmental Conservation 50 Wolf Road Albany, N Y 12233-1500
Dear Commissioner Cahill:
Your counsel has requested our opinion as to whether the enforcement provisions of the Environmental Conservation Law or of the Penal Law govern the seizure of firearms used in the commission of environmental offenses set forth in the Fish and Wildlife Law. See, Environmental Conservation Law Title 9 (enforcement of Articles 11 and 13 — The Fish and Wildlife Law). The Penal Law contains a broad seizure requirement, which by its terms is applicable to any offense. See, Penal Law § 400.05(1). The Environmental Conservation Law provides specific penalties for certain offenses and for seizure of firearms in a limited situation. The question is whether the Penal Law's general provision or the Environmental Conservation Law's specific provision applies to the limited number of environmental offenses addressed in the Fish and Wildlife Law. We conclude that the specific seizure provisions of the Environmental Conservation Law take precedence over the general provisions of the Penal Law with respect to environmental offenses set forth in the Fish and Wildlife Law.
The Environmental Conservation Law authorizes the seizure and forfeiture of firearms only for the violation of a specific category of offenses involving the illegal taking or attempted taking of wild deer. It provides officers and employees designated by the Commissioner with the power:
(f) To seize as evidence without warrant
. . .
 (3) Any firearm,[1] when they have cause to believe that it has been used in a violation of the Fish and Wildlife Law constituting a misdemeanor involving the illegal taking or attempting to take wild deer. Environmental Conservation Law § 71-0907(4)(f)(3).
Environmental Conservation Law § 71-0909 requires the forfeiture of such firearms if the defendant is liable or found guilty of this category of offenses involving wild deer. For other categories of offenses under the Fish and Wildlife Law, specific penalties are prescribed, but not seizure of firearms. The authority for seizure of firearms, limited to the illegal taking or attempted taking of wild deer, suggests that the Legislature did not intend to permit seizure of firearms used in the commission of the many other categories of Fish and Wildlife Law offenses defined solely in that Law.[2]
As a general rule, statutes should not be construed so as to render them or any parts ineffective and meaningless. See, Matter of Schulz v NewYork State Board of Elections, 214 A.D.2d 224 (3d Dept), lv denied,86 N.Y.2d 848 (1995); Knapp v Monroe County Civil Service Commission,77 A.D.2d 817 (4th Dept), lv denied, 51 N.Y.2d 708, appeal dismissed,51 N.Y.2d 877 (1980). Application of the Penal Law seizure provision to enforcement of the Fish and Wildlife Law would render meaningless the limited and specific seizure authority under the Environmental Conservation Law. By contrast, the Penal Law seizure provision, even if not applied to the Environmental Conservation Law enforcement provisions, would still have widespread application and therefore would not be deprived of meaning.
Moreover, as a general rule of statutory construction, a more recent and more specific statute takes precedence over an older and more general statute. St. Germain v St. Germain, 25 A.D.2d 568 (2d Dept 1966); Op Atty Gen (Inf) No. 82-44. The Penal Code seizure provision, upon which current Penal Law § 400.05(1) is based, pre-dates the Conservation Law seizure provision, the predecessor of Environmental Conservation Law § 71-0907(4)(f)(iii). See, Penal Code § 411-a, added by L 1907, ch 582; Conservation Law § 380(4)(f)(iii), added by L 1955, ch 630. The more recent and more specific seizure provision of the Environmental Conservation Law thus presumptively takes precedence over the Penal Law provision.
Applying these principles of statutory construction, we conclude that offenses under the Fish and Wildlife Law are subject to the seizure provisions of the Environmental Conservation Law, providing only for the seizure of firearms used in the illegal taking or attempted taking of wild deer. In reaching this conclusion, we have necessarily taken into account the "Control Provision" in Environmental Conservation Law §71-0101 Under the Control Provision, the Penal Law and Criminal Procedure Law control the Environmental Conservation Law to the same extent they controlled its predecessor statute immediately prior to the effective date of the Environmental Conservation Law. Specifically, the Control Provision states:
 Notwithstanding any provision of this chapter, the provisions of the Penal Law and of the Criminal Procedure Law control over the provisions of this chapter to the same extent they controlled over the provisions of law from which this chapter is derived, on the date immediately preceding the effective date of this chapter. Environmental Conservation Law § 71-0101
The Control Provision does not alter our conclusion that the seizure provision of the Environmental Conservation Law, rather than that of the Penal Law, govern environmental offenses under the Fish and Wildlife Law. The seizure provisions of both the Conservation Law and the Penal Law in effect immediately prior to chapter 664 of the Laws of 1972, which established the Environmental Conservation Law, were substantively the same as current seizure provisions of the Environmental Conservation Law and Penal Law.
The Environmental Conservation Law was enacted pursuant to chapter 664 of the Laws of 1972 and became effective on September 1, 1972. Chapter 664 is derived from the previous Conservation Law, the law in effect "immediately preceding the effective date of this chapter [664]." Conservation Law § 380(4)(f)(iii), enacted in 1955, authorized the seizure and forfeiture of firearms "used in violation of the Fish and Game Law constituting a misdemeanor involving the illegal taking or attempting to take wild deer." Seizure was not authorized for other violations of that Law. The general seizure provision in Penal Law §400.05(1) in effect immediately prior to enactment of the Environmental Conservation Law pre-dated the seizure provision of the Conservation Law. The Penal Law's seizure provision was derived from Penal Code § 411-a, which was added to the Penal Code by chapter 582 of the Laws of 1907. Applying the same principles of statutory analysis that govern applicability of the current seizure provisions of the Penal Law and of the Environmental Conservation Law, the more recent and more specific seizure provisions of the previous Conservation Law would have applied to offenses under that law "on the date immediately preceding the effective date of" the Environmental Conservation Law.
This construction does not, however, leave the "Control Provision" without significance. Neither the Environmental Conservation Law nor its predecessor Conservation Law establishes a procedure for disposition of charges for violations of offenses contained in the law. See, id., § 71-0211 (disposition of fees and penalties). The Criminal Procedure Law applies to adjudication and "sentencing for every offense, whether defined within or outside of the penal law." Criminal Procedure Law §§ 10.30,380.10(1). Therefore, the Criminal Procedure Law governs procedures in the criminal courts, including adjudication of offenses charged under the Environmental Conservation Law. See, e.g., Environmental Conservation Law § 71-0911. We posit that in establishing the procedure for adjudication of offenses, the Criminal Procedure Law "controls" the Environmental Conservation Law within the meaning of the Control Provision in section 71-0101 of that Law. Similarly, the Penal Law provides or "controls" the definition of various degrees of offenses. Penal Law § 10.00(1)-(6). These definitions determine the procedure applicable under the Criminal Procedure Law for adjudication of the various offenses. See, e.g., Criminal Procedure Law § 100.10.
We note that the Penal Law, including its general seizure provision, would apply where actions of a person constitute separate specific offenses under the Fish and Wildlife Law and the Penal Law. For example, a specific offense under the Fish and Wildlife Law involving use or possession of a firearm by a hunter might constitute a separate offense under article 400 of the Penal Law if the person possessing a firearm does not have the required license or if possession or use of the firearm violates the conditions of the license. Even though the unlawful act relates to hunting, the specific Penal Law offense would also apply. Under these circumstances, enforcement for violation of article 400 of the Penal Law would include seizure of the firearm under section 400.05(1) of that Law.
In our opinion, the provisions of the Environmental Conservation Law, relating to enforcement of offenses under the Fish and Wildlife Law, govern the seizure of firearms with respect to violations of the Fish and Wildlife Law.
Very truly yours,
ELIOT SPITZER, Attorney General
[1] For purposes of the Fish and Wildlife Law, "firearm" means "any gun or other instrument which by force of gunpowder or other explosive, or which by the force of a spring, air or other gas, expels a missile or projectile capable of killing, wounding or otherwise inflicting physical damage upon fish, wildlife or other animals." 6 NYCRR § 180.3(a).
[2] For example, violations of Environmental Conservation Law §71-0923, punishable by imprisonment for not more than 15 days, a fine not exceeding $250, or both fine and imprisonment, include:
Hunting turkey with shot larger than #2 or smaller than #8 (6 NYCRR § 1.40[f][3]);
Hunting turkey with a rifle or handgun (6 NYCRR § 1.40[f][4]);
Taking migratory game birds with a shotgun larger than 10-gauge (6 NYCRR § 2.30[b][1]); and
Hunting ducks, coots or geese using other than steel shot (6 NYCRR § 2.30[c]).